[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 28, 2010
JOHN LEY
CLERK

No. 10-10078
Non-Argument Calendar
_____

D.C. Docket No. 5:07-cv-02119-CLS

SHIRLEY BROWN,

                                                            Plaintiff-Appellant,

versus

JACOBS ENGINEERING, INC.,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 28, 2010)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Shirley Brown, an African-American female, appeals the district court's order granting summary judgment in favor of her former employer, Jacobs Engineering, Inc. (Jacobs), in her race and sex discrimination suit arising under Title VII, 42 U.S.C. § 2000e-2(a), and 42 U.S.C. § 1981. Brown asserts the district court erred in granting summary judgment as to her discrimination claim because she demonstrated that similarly situated employees outside of her protected class engaged in similar conduct but were not terminated. Additionally, Brown contends the district court erred in denying her motion to compel discovery. We address each issue in turn, and affirm the district court's order.

I.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *Skrtich v. Thornton*, 280 F.3d 1295, 1299 (11th Cir. 2002). "Summary judgment is appropriate only when the evidence before the court demonstrates that 'there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* (*quoting* Fed. R. Civ. P. 56(c)).

Title VII makes it unlawful for an employer to "discharge any individual . . . because of such individual's race, color, religion, sex, or national origin."

2

42 U.S.C. § 2000e-2(a)(1).[1]  A Title VII disparate treatment claim based on circumstantial evidence is analyzed under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004).  To establish a prima facie case of disparate treatment, the plaintiff must show: "(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees outside her class more favorably; and (4) she was qualified to do the job."  *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999).

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways."  *Id.*  Thus, we require "the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."  *Id.*  Even if a plaintiff and comparator are similar in some respects,

---

[1]  Because discrimination claims brought under § 1981 "have the same requirements of proof and present the same analytical framework" as those brought under Title VII, the disposition of Brown's Title VII argument applies equally to her claims brought under § 1981. *See Springer v. Convergys Customer Mgmt. Grp., Inc.,* 509 F.3d 1344, 1347 n.1 (11th Cir. 2007).

3

differences in their overall record may render them not "similarly situated" for purposes of establishing a prima facie case. *See*, *e.g.*, *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316-19 (11th Cir. 2003) (although the employee and comparator had committed the same act, they were not similarly situated because the comparator's overall record was better).

Upon review of the record, we find the white male managers identified by Brown are not similarly situated to her in either the quantity or quality of misconduct. The evidence viewed in the light most favorable to Brown shows she created a "dreadful" work environment, her management style caused high turnover in her department to the point where she was on her third generation of employees, she was the subject of at least two meritorious formal complaints, and an internal investigation revealed Brown had a detrimental effect on Jacobs as a whole. In contrast, the white male managers cited by Brown were not subject to any formal complaints, nor did their misconduct, if any, cause the problems associated with Brown's department. Even if Brown was similar in some respects, such as having a difficult personality or management style, the other managers are still not similarly situated because Brown's overall record was far worse. *See Knight*, 330 F.3d at 1316-19. Because Brown failed to show a genuine issue of material fact as to whether similarly situated employees outside of her protected

4

class engaged in similar conduct and were treated differently, the district court did not err in granting summary judgment in favor of Jacobs.

## II.

We review the denial of a motion to compel discovery for abuse of discretion. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). A "district court is allowed a range of choice in such matters, and we will not second-guess the district court's actions unless they reflect a clear error of judgment." *Id.* (quotations omitted).

The discovery scheduling order in this case required all discovery be commenced in time so that it would be completed by March 2, 2009. Because Brown waited until 7:50 P.M. on March 2, 2009, to submit her motion to compel, she failed to commence this step in the discovery process in order to complete discovery by the required date. Further, Brown's reasons for waiting until the last day of discovery to make this request are unavailing because (1) she received Jacob's alleged deficient response to interrogatory #10 on December 18, 2008; (2) she received another deficient response in mid-February; and (3) she discovered information about the investigation into the unnamed manager five days before the deadline. Under these circumstances, the district court's denial of

the motion to compel does not reflect a clear error in judgment.  *See Holloman*,

443 F.3d at 837.  Accordingly, we affirm.

    **AFFIRMED.**