[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14844
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-03638-CAP

DAVID PAUL,

Plaintiff-Appellant,

versus

AMERICOLD LOGISTICS, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 5, 2012)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

David Paul, an African-American, is a former employer of Americold

Logistics, LLC. He brought this action against Americold pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), claiming that Americold discriminated against him on account of his race when, among other things, it (1) failed to promote him to the supervisor position in late 2007; (2) failed to promote him to the auditor position in early 2008; and (3) terminated his employment.[1] At the conclusion of discovery, the district court granted Americold's motion for summary judgment and dismissed the claims. Paul now appeals.

We review *de novo* a district court's grant of summary judgment. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). We liberally construe *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In determining whether a material issue of fact exists, we consider the evidence and all inferences it reasonably yields in the

---

[1] In addition to these three claims, Paul claimed that Americold discriminated against him on account of his gender, by failing to train him, by subjecting him to a hostile work environment, by paying him disparately, and by engaging in a pattern and practice of discrimination against him and other black employees. The district court granted Americold summary judgment on these additional claims. Paul has not challenged this disposition in his brief to us on appeal; hence, we do not consider the legal sufficiency of these claims in this appeal. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that appellant waived issue not addressed by brief on appeal).

2

light most favorable to the non-movant.  *Reynolds v. Bridgestone/Firestone, Inc.*, 989 F.2d 465, 469 (11th Cir. 1993).

I.     Failure to promote to the supervisor position

Title VII makes it illegal for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ."  42 U.S.C. § 2000e-2(a)(1).  Under Title VII, a plaintiff bears the burden of proving discriminatory treatment by a preponderance of the evidence.  *Crawford v. Carroll*, 529 F.3d 961, 975 (11th Cir. 2008).  Where, as here, a party seeks to establish discrimination through circumstantial evidence, we evaluate a Title VII claim under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  Under the *McDonnell Douglas* framework, the plaintiff has the initial burden of establishing a *prima facie* case of discrimination.  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004).  The methods and criteria for presenting a *prima facie* case vary and depend to a large degree on the employment situation.  *Id.*; *see, e.g., Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1185 (11th Cir. 1984).

For a failure to promote claim, the plaintiff establishes a *prima facie* case by

showing that: (1) he is a member of a protected group; (2) he was qualified for and applied for the promotion; (3) he was rejected in spite of his qualifications; and (4) the person who received the promotion was not a member of the plaintiff's protected group. *Walker v. Mortham*, 158 F.3d 1177, 1185-93 (11th Cir. 1998). Where an employer does not formally announce a position, but rather uses informal and subjective procedures to identify a candidate, a plaintiff need not show that he applied for the position, but only that the employer had some reason to consider him for the position. *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005).

Paul failed to create a genuine issue of material fact as to the second element of the *prima facie* case, that he was qualified and applied for the supervisor position. While he emphasized the difference between his educational background and that possessed by the individual, Gore, eventually selected for the position, this in itself was insufficient to establish that he was qualified for the supervisor position. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004) (holding that plaintiff created genuine issue of material fact by presenting evidence in the form of testimony that she was qualified and an "obvious candidate" for the contested promotion). Moreover, Paul's unsworn statements in opposition to summary judgment were not admissible evidence. *See*

4

*Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (explaining that "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"). Paul did not establish that Americold used an informal means of promoting employees such that he did not have to show he applied for the supervisor position, and he also failed to present evidence regarding whether he knew about the position, whether the position was posted, or what qualifications the position required. Accordingly, the district court properly granted summary judgment to Americold with respect to Paul's failure to promote claim concerning the supervisor position.

II. Failure to promote to the auditor position

Under the *McDonnell Douglas* framework, if the plaintiff establishes a *prima facie* case of racial discrimination, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802-04, 93 S.Ct. at 1824-25. If the employer articulates one or more legitimate, nondiscriminatory reasons for an adverse employment action, then the presumption of discrimination is rebutted, and the burden of production shifts to the plaintiff to offer evidence that the alleged reason of the employer is a pretext for illegal discrimination. *Id.* In order to show pretext, the plaintiff must show "both that the reason was false, and that

5

discrimination was the real reason." *Springer v. Convergys Customer Mgmt. Grp., Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007).

The federal courts do not sit "as a super-personnel department that reexamines an entity's business decisions." *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991). In a qualifications dispute, the plaintiff must establish a disparity in qualifications "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Springer*, 509 F.3d at 1349.

The district court here correctly concluded that Paul failed to show that he was qualified for the auditor position, which is the second element of a *prima facie* discriminatory failure to promote claim. Specifically, no evidence indicated that Paul had internal auditing or warehouse control experience, and the evidence established that Americold viewed these attributes as important when selecting a qualified candidate.

III.    Wrongful termination

To establish a *prima facie* case for disparate treatment in a wrongful termination case, the plaintiff may establish that he was: (1) a member of a protected class; (2) qualified to do the job; (3) subjected to an adverse employment action; and (4) replaced by someone outside the protected class. *Cuddeback v.*

*Fla. Bd of Education*, 381 F.3d 1230, 1235 (11th Cir. 2004).  In a discriminatory termination case involving alleged misconduct, we will look to whether the plaintiff was treated less favorably than similarly situated employees outside of his protected class.  *Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006).  To determine whether employees are similarly situated, we evaluate whether the employees are accused of the same or similar conduct and are disciplined in different ways.  *Id.*

If the plaintiff establishes the elements of a *prima facie* case of discriminatory discharge, and the employer articulates a non-discriminatory basis for its employment action, the plaintiff must then show that the proffered reason was pretextual.  *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

Here, Paul failed to present any evidence of a similarly-situated employee who had been retained by Americold, and thereby failed to meet the third element of the *prima facie* case.  Even if Paul had established a *prima facie* case, Americold provided a legitimate, non-discriminatory basis for terminating his employment by producing evidence of his repeated work errors and policy violations.  While Paul argues that Americold documented his errors so that it would have an excuse to fire him, he did not provide any evidence to support this

7

assertion, nor did he dispute that he committed the errors. *See Springer*, 509 F.3d at 1349 (holding that in order to show pretext, plaintiff must show that reason was false and that racial bias was the real reason for termination). Paul failed to establish a *prima facie* case or show that Americold's provided reason for terminating his employment was pretextual. Accordingly, the district court properly granted summary judgment to Americold on Paul's discriminatory termination claim.

AFFIRMED.