[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-14652
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 14, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00302-CV-J-20-MCR

PATRICIA SPRINGER,

Plaintiff-Appellant,

versus

CONVERGYS CUSTOMER
MANAGEMENT GROUP INC.,
an Ohio corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 14, 2007)**

Before EDMONDSON, Chief Judge, CARNES and FAY, Circuit Judges.

PER CURIAM:

Patricia Springer ("Plaintiff") appeals the district court's grant of summary judgment in favor of Convergys Customer Management Group Inc. ("Convergys") in her employment discrimination claim alleging a racially discriminatory failure to promote under the Civil Rights Act of 1991, 42 U.S.C. § 1981. For the reasons explained below, we affirm the district court's grant of summary judgment.

## I. BACKGROUND

Plaintiff, an African American woman, worked for Convergys and its predecessors from November 1983 until her termination seventeen years later in August 2001. During that time, Plaintiff worked in the Employee Care Organization within Convergys, holding various positions, including Account Representative, Team Manager, Instructor, Human Resources Staff Recruiter, and Operations Manager. As an Operations Manager, the position she held at the time of her termination, Plaintiff supervised team managers and several teams, totaling approximately fifty people.

Plaintiff consistently received satisfactory annual job evaluations. In fact, one of Plaintiff's supervisors testified that he was very satisfied with her performance and thought she had the potential to progress in the company and perform well in upper management positions. However, Plaintiff also demonstrated several performance deficiencies. In March 1999, Convergys placed

2

Plaintiff on a developmental plan for the purpose of improving upon some of her professional weaknesses. A few of Plaintiff's subordinates had complained about the manner in which Plaintiff addressed them. Plaintiff later agreed to take some courses on proper management skills, but there is a dispute as to whether such courses were taken directly in response to the subordinates' complaints or merely to advance Plaintiff's career prospects.

Other employees of Convergys noted that Plaintiff had difficulty accepting feedback and demonstrated weak communication skills. A Director at Convergys, Patrice London, testified that based on her observations and interactions with the Plaintiff, she regularly exhibited grammatical and spelling mistakes in her work-related emails. In addition, the Plaintiff demonstrated attendance and punctuality problems. Plaintiff admitted being late or missing several scheduled meetings; however, it appears from the record that several other employees had been late or missed scheduled meetings without being disciplined.

In 2001, Convergys had an opening for the position of Senior Operations Manager. Plaintiff had applied for a similar opening in November 2000, but she did not receive the promotion. In 2001, there were four Operations Managers, including Plaintiff, eligible for the Senior Operations Manager promotion. The other three eligible Operations Managers included a Caucasian woman named

3

Susan Johnson, an African American woman, and an African American man.

In March 2001, Convergys announced that Susan Johnson, Plaintiff's Caucasian co-worker, had received the promotion to Senior Operations Manager. Shortly thereafter, Plaintiff filed a complaint with the Human Resources Department stating that she was more qualified for the position than Susan Johnson and had been denied the promotion because of her race. Plaintiff further claimed not to have known of the position's availability prior to Susan Johnson receiving the promotion.

Although it was Convergys' corporate policy that all job positions be posted for a minimum of three days to allow all qualified candidates to apply and be considered for the positions, there is a dispute as to whether this particular position was ever announced or posted internally. Patrice London, the supervisor in charge of selecting the candidate for the promotion, and Susan Johnson contend that the opening for the position was announced at a team meeting. However, Plaintiff and her two African American colleagues insist that no announcement was ever made.

A human resources representative for Convergys initiated an investigation into Plaintiff's claims and concluded that racial discrimination was not a factor in the promotion of Susan Johnson. Convergys eventually terminated Plaintiff in

August 2001, stating that they were forced by business necessity to eliminate an Operations Manager position. In response, Plaintiff filed a complaint in district court against Convergys alleging, *inter alia*, that Convergys discriminated against her based upon her race when it promoted Susan Johnson to Senior Operations Manager. Plaintiff claimed that she was more qualified than Susan Johnson and that the position was never posted, in violation of company policy. Convergys moved for summary judgment on all seven counts asserted in Plaintiff's complaint.

The district court granted summary judgment in favor of Convergys on Count I alleging an unlawful failure to promote and Count II alleging disparate pay under 42 U.S.C. § 1981. Plaintiff voluntarily dismissed Counts V and VII alleging unlawful retaliation under state law and the Employee Retirement Income Security Act, respectively. A trial was held and a jury concluded that Plaintiff's remaining counts claiming retaliatory discharge under federal and state law were baseless. Thereafter, the district court entered a final judgment in favor of Convergys on all seven counts in the complaint. Plaintiff's appeal is limited to Count I alleging an unlawful failure to promote under 42 U.S.C. § 1981.

## II. DISCUSSION

We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion. *See*

*Skrtich v. Thorton*, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In cases where direct evidence of employment discrimination is lacking, we analyze the claim under the *McDonnell Douglas* framework, which requires the plaintiff to create an inference of discrimination through her *prima facie* case.[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Once the plaintiff has made out the elements of the *prima facie* case, the burden shifts to the employer to articulate a non-discriminatory basis for its employment action. *Texas Dept. of Comty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). If the employer meets this burden, the plaintiff must show that the proffered reasons were pretextual. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 511, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993). The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all

---

[1] Both Title VII and § 1981 have the same requirements of proof and present the same analytical framework. *Standard v. A.B.E.L. Services*, 161 F.3d 1318, 1330 (11th Cir. 1998).

times with the plaintiff.  *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146, 120 S. Ct. 2097, 2108, 147 L.Ed.2d 105 (2000); *Burdine*, 450 U.S. at 253.

For the purposes of its Motion for Summary Judgment only, Convergys conceded that Plaintiff could establish a *prima facie* case of racial discrimination based upon a failure to promote.[2]  Thus, the burden shifted to Convergys to articulate a legitimate, nondiscriminatory reason for promoting Susan Johnson rather than Plaintiff for the position of Senior Operations Manager.  Convergys' articulated reason for promoting Susan Johnson was that she was the more qualified candidate.  To support this assertion, Convergys provided substantial evidence that Susan Johnson's annual ratings were consistently higher than Plaintiff's.  Convergys also pointed to Susan Johnson's significant experience relevant to the new position, including effective management of subordinates and prior experience with the specific client with whom the promoted person would be working.

It is undisputed that Susan Johnson was highly regarded by her co-workers.

---

[2]  In order to establish a prima facie case on the basis of a failure to promote, Plaintiff must demonstrate that: (I) she belonged to a protected class; (ii) she was qualified for and applied for a position; (iii) despite qualifications, she was rejected; and (iv) the position was filled with an individual outside the protected class.  *McDonnell Douglas Corp.*, 411 U.S. at 802; *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005).

In fact, one of the African American Operations Managers eligible for the promotion commented that he believed Susan Johnson was more qualified than any other Operations Manager. Further, a former supervisor of Susan Johnson testified that she was a stellar performer that should have been promoted long before she was.[3]

Plaintiff argues that our holding in *Joshi v. Florida State Univ. Health Ctr.*, 763 F.2d 1227 (11th Cir. 1985), precludes Convergys from relying on the assertion that Susan Johnson was the more qualified candidate. In *Joshi*, we held that where a defendant did not consider the qualifications of the candidate from the protected class at the time of making the employment decision, it cannot later assert as a nondiscriminatory reason the superior qualifications of the candidate actually promoted. *Id.*

To prove that Convergys did not consider her qualifications, Plaintiff points to Patrice London's testimony that she did not consider Plaintiff a candidate for the Senior Operations Manager position. However, that statement, when read in the context of her testimony, indicates only that Patrice London's familiarity with Plaintiff's qualifications led her to the conclusion that Plaintiff was not a good

---

[3] We note that after the promotion at issue here, Susan Johnson was promoted yet again to the position of Director at Convergys.

candidate for the position. Patrice London testified that she had first-hand knowledge of Plaintiff's qualifications at the time Susan Johnson received the promotion, and it was that direct knowledge of Plaintiff's qualifications and performance deficiencies that informed her opinion that Plaintiff should not be considered a candidate for the promotion.

This case is distinguishable from the facts in *Joshi*. In *Joshi*, the defendant had no prior knowledge of Joshi's qualifications because Joshi was not an employee of the defendant. Joshi was an outside applicant. However, in this case, Plaintiff worked for Convergys and its predecessors for over fifteen years at the time the promotion was granted to Susan Johnson. Patrice London was Plaintiff's supervisor prior to the promotion decision and consequently was in a position to have direct knowledge of Plaintiff's qualifications or lack thereof. Thus, we do not find *Joshi* particularly applicable to the case at hand.

We agree with the district court that Convergys met its burden of articulating a legitimate, nondiscriminatory reason for promoting Susan Johnson over Plaintiff. Under the *McDonnell Douglas* framework, the burden then shifts back to Plaintiff to demonstrate that Convergys' articulated reason is pretext. We find that Plaintiff has failed to meet this burden of proving pretext.

Plaintiff may demonstrate that Convergys' reasons were pretextual by

revealing "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [Convergys'] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004), *cert. denied*, 126 S.Ct. 478, 163 L.Ed.2d 363 (2005) (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)). However, a reason is not pretext for discrimination "unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *Brooks v. County Comm'n of Jefferson County*, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 515).

In the context of a promotion, "a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position he coveted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." *Id*. (citing *Alexander v. Fulton County*, 207 F.3d 1303, 1339 (11th Cir.2000)). Furthermore, a plaintiff must show that the disparities between the successful applicant's and his own qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." *Cooper*, 390 F.3d at 732 (citation omitted); *see also Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 126 S.Ct.

10

1195, 1197, 163 L.Ed.2d 1053 (2006) (approving of this language from *Cooper* ).

Plaintiff attempts to prove pretext by claiming that she was in fact the more qualified candidate for the Senior Operations Manager position. Plaintiff points primarily to her educational background to support this assertion. The job requisition form for the Senior Operations Manager position listed a four-year college degree as a requirement; however, Patrice London testified that the job description permitted six to eight years of experience as the equivalent of the educational requirements. While Plaintiff was the only Operations Manager that possessed a four-year degree, Susan Johnson possessed the requisite experience to substitute for a lack of a college degree.

Patrice London also testified that experience was more important to her placement decisions than education. "Personal qualities . . . factor heavily into employment decisions concerning supervisory or professional positions. Traits such as common sense, good judgment, originality, ambition, loyalty, and tact often must be assessed primarily in a subjective fashion, yet they are essential to an individual's success in a supervisory or professional position." *Denney v. City of Albany*, 247 F.3d 1172, 1186 (11th Cir. 2001) (citation and internal quotations omitted) (quoting *Chapman v. A.I. Transport*, 229 F.3d 1012, 1033-34 (11th Cir. 2000) (en banc)). Given the undisputed evidence with respect to Susan Johnson's

qualifications for the position, Plaintiff's possession of a four-year degree thus is insufficient by itself to conclude that Convergy's proffered reason for promoting Susan Johnson is pretext.

Plaintiff has provided no evidence that Convergys' reliance on the superior qualifications of Susan Johnson as the reason for her promotion is a mask for racial discrimination. "Absent evidence that subjective hiring criteria were used as a mask for discrimination, the fact that an employer based a hiring or promotion decision on purely subjective criteria will rarely, if ever, prove pretext . . . ." *Denney*, 247 F.3d at 1185. While Convergys' decision to promote Susan Johnson rather than Plaintiff was based on Patrice London's subjective view of whose qualifications were superior for the position, "[a] subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which it based its subjective opinion." *Id*. at 1186. We find that Patrice London, in her testimony describing her first-hand experience with the candidates, provided a sufficiently specific factual basis for her opinion that Susan Johnson was the more qualified candidate for the promotion.

Plaintiff also argues that pretext can be inferred from Patrice London's pre-selection of Susan Johnson without the internal posting of the position required by

12

Convergys' corporate policy. Yet, even where preselection violates corporate personnel policies, it does not necessarily indicate racial discrimination. *See Kennedy v. Landon*, 598 F.2d 337, 341 (4th Cir. 1979); *Randle v. City of Aurora*, 69 F.3d 441, 454 (10th Cir. 1995) ("The mere fact that an employer failed to follow its own internal *procedures* does not necessarily suggest that the employer was motivated by illegal discriminatory intent or that the substantive reasons given by the employer for its employment decision were pretextual."). Furthermore, Plaintiff testified that she was aware that Convergys, despite its corporate policy, did not always post available positions.

"We do not sit in judgment of the wisdom of an employer's selection." *Cooper*, 390 F.3d at 732. Where a supervisor has first-hand knowledge of the potential applicants and makes an employment decision based on that knowledge, the failure to post the job is insufficient evidence of pretext. Patrice London was familiar with the work of the four Operations Managers who were candidates for the available position because she had directly supervised them in her role as a Director. Posting the position would have been superfluous to her decision making process. "If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason but must meet it head on and rebut it." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004). Patrice

London's preselection of Susan Johnson for the position of Senior Operations Manager reflected her knowledge of the candidates' experience and qualifications and the client's specific needs for the position. Plaintiff has provided no evidence that the failure to post the position was based on racial animus or an intent to deny the African American Operations Managers the opportunity to apply for the promotion.

We conclude that the promotion of Susan Johnson over Plaintiff, based on their supervisor's view of their relative qualifications, was a reasonable business decision. "[A] plaintiff employee may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason as long as the reason is one that might motivate a reasonable employer." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1267 (11th Cir. 2001) (citation and internal quotation marks omitted). Plaintiff has not provided "sufficient evidence to find that the employer's asserted justification is false," *Sanderson Plumbing Prods., Inc.*, 530 U.S. at 148, and therefore, we conclude that Plaintiff cannot satisfy her burden of proving that Convergys' proffered reason for not promoting her was a pretext for discrimination.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.