[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12855
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 6, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-01063-MEF-WC


MARQUETTE JONES,

Plaintiff-Appellant,

versus

SOUTHERN PAN SERVICES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 6, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Marquette Jones, a black male, seeks to appeal the district court's February 16,

2011 grant of defendant Southern Pan Services' ("SPS") motion for summary judgment as to his complaint alleging racial discrimination pursuant to 42 U.S.C. § 1981. He also appeals the district court's May 25, 2011 denial of his March 17, 2011 motion to vacate the summary judgment. Jones states that he timely filed his notice of appeal as to both decisions on June 21, 2011. Jones argues that the district court improperly granted SPS' summary judgment motion for two reasons: (1) because he proved that the nondiscriminatory reason offered by SPS for his discharge was false and a pretext for race discrimination, and (2) because he adequately alleged a prima facie case for discriminatory compensation. Additionally, he argues that the district court abused its discretion when it denied his motion to vacate its summary judgment order because its decision was manifestly unjust in light of the evidence.

After thorough review, we dismiss as untimely Jones' appeal of the district court's grant of summary judgment and affirm the district court's denial of Jones' motion to vacate.

I.

We begin, as we must, by examining our jurisdiction to hear this appeal. We review our appellate jurisdiction sua sponte. Pinion v. Dow Chemical, U.S.A., 928 F.2d 1522, 1524 (11th Cir. 1991). The timely filing of a notice of appeal is

2

mandatory and jurisdictional. If the notice is not timely filed, we are without jurisdiction to hear the appeal. Id. at 1525.

A notice of appeal must be filed with the district court within 30 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(A). However, if a party timely files a Rule 59 motion to alter the underlying judgment, then the time to file a notice of appeal begins when the district court enters an order disposing of the motion. See Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e). A Rule 59 motion to alter the underlying judgment must be filed within 28 days after the judgment's entry. Fed. R. Civ. P. 59(e). An untimely Rule 59(e) motion is properly treated by the district court as a Rule 60(b) motion to vacate the judgment, however. See Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003).

Here, Jones filed his Rule 59 motion to vacate the grant of summary judgment too late to toll the 30-day filing period for a notice of appeal. The district court issued its final judgment dismissing Jones' claims on February 16, 2011. On March 17, 2011, 29 days later, Jones moved for the final judgment to be vacated or reconsidered pursuant to Rule 59(e). His motion was untimely, however, and therefore the 30-day filing period for his notice of appeal was never tolled. See Fed. R. App. P.

3

4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e); see also Pinion, 928 F.2d at 1525.[1] Accordingly, the filing deadline for Jones' notice of appeal of the district court's grant of summary judgment was March 18, 2011. Jones did not file his notice of appeal until June 21, 2011, months after the March 18 deadline. Thus, Jones did not timely appeal the district court's grant of summary judgment, and we lack jurisdiction to review it. See Pinion, 928 F.2d at 1525.

We do have jurisdiction to consider, however, the district court's denial of Jones' motion to vacate or reconsider its final judgment. The district court denied Jones' motion in a May 25, 2011 opinion and order. On June 21, 2011, Jones timely appealed from the denial of his motion to vacate. See Fed. R. App. P. 4(a)(1)(A), (a)(4)(A)(iv).

## II.

We review the denial of a motion to alter, amend or vacate a judgment for abuse of discretion. O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). A motion to alter or amend a judgment cannot be used to relitigate old matters, raise

---

[1] Although untimely motions under Rule 59(e) are properly treated as motions for relief under Rule 60(b), Fed. R. App. P. 4 makes clear that, for purposes of tolling the 30-day filing period for a notice of appeal, even a Rule 60 motion must be "filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). Thus, whether we construe Jones' motion to vacate as a motion for relief under Rule 59(e) or under Rule 60(b), its filing 29 days after the district court's entry of summary judgment failed to toll the 30-day period for filing a notice of appeal.

4

arguments, or present evidence that could have been raised prior to the entry of judgment. See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

Again, an untimely Rule 59 motion to vacate is properly treated as a Rule 60(b) motion. Mahone, 326 F.3d at 1177 n.1. The grounds for granting a Rule 60(b) motion to vacate are (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by an opposing party; (4) void judgment; (5) satisfied judgment; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b).

Summary judgment is appropriate when the movant has shown that there exists no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). In reviewing discrimination claims that are supported by circumstantial evidence, we use the three-step burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1331 (11th Cir. 1998). First, the plaintiff must make out a prima facie case of employment discrimination. Springer v. Convergys Customer Mgmt. Group Inc., 509 F.3d 1344, 1347 (11th Cir. 2007). Second, the burden of production shifts to the employer to provide a nondiscriminatory reason for its employment action. Id. Third, the plaintiff must then show that the employer's proferred reason was merely a pretext for race discrimination. Id.

To establish a prima facie case of discriminatory compensation, a plaintiff must demonstrate that (1) he was a member of a protected class, (2) he received a lower salary than similarly situated employees outside the protected class, and (3) he was qualified to receive the higher salary. Cooper v. Southern Co., 390 F.3d 695, 734-35 (11th Cir. 2004) (overruled in part on other grounds, Ash v. Tyson Foods, Inc., 546 U.S. 454, 457 (2006)).

When considering a claim of discriminatory discharge, the mere racial makeup of an area is irrelevant unless the plaintiff can show how many persons in the protected class actually suffered adverse employment action while persons not in the protected class benefitted. See Howard v. BP Oil Co., Inc., 32 F.3d 520, 524 (11th Cir. 1994). Statistics that merely describe employees as either a minority or non-minority prove nothing without further information about the particular circumstances of each employee. Burke-Fowler v. Orange County, Fla., 447 F.3d 1319, 1325 (11th Cir. 2006).

Here, Jones did not satisfy any of the Rule 60(b) grounds for vacatur, nor did he present any viable claim to relief under Rule 59(e). Instead, his motion to vacate or for reconsideration attempted only to relitigate old matters decided by the district court, and presented the same arguments Jones had made in previous pleadings. See Arthur, 500 F.3d at 1343; Vill. of Wellington, 408 F.3d at 763. Thus, the district

6

court did not abuse its discretion when it denied Jones' motion to vacate or reconsider the grant of summary judgment in favor of SPS.

Moreover, even if Jones had presented new arguments in his motion, he nonetheless failed to establish a prima facie case for his claim of discriminatory compensation. While Jones did show that he belonged to a racial minority and received lower wages than certain other employees, he did not establish that he was similarly situated to those outside his protected class who received higher compensation, or that he was qualified to receive such higher compensation. In particular, Jones did not establish that he was qualified to earn the higher wage earned by SPS' new Hispanic laborers, because he did not establish that he possessed the same skills and prior work experience as those men. And as for his discriminatory discharge claim, Jones failed to show that SPS' proffered reason for the discharge -- that Jones lacked the skills SPS required -- was pretextual, because he did not offer any evidence to contradict the assertion that SPS' new Hispanic laborers performed different, specialized work for SPS. Jones had no personal knowledge of the qualifications of SPS' new Hispanic laborers and could not show that his race was the real reason for his discharge. He generated irrelevant statistics from an analysis of census data that provided no information about the circumstances of the particular employees, and therefore could not be used to establish discriminatory intent on the

7

part of SPS.  See Burke-Fowler, 447 F.3d at 1325.

**DISMISSED IN PART, AFFIRMED IN PART.**