[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11316
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-02232-SCB-TGW

MELISSA WIGFALL,
CONNIE DANIELS,
GENETHEL DANIELLE PYE,
ANTHONY MILLS,
MALISA BUTLER,
VIRGINIA LARRY,
MELISSA WORLEY,

Plaintiffs-Appellants,

MARKIS FLANDERS, et al.,

Plaintiffs,

versus

SAINT LEO UNIVERSITY, INCORPORATED,

Defendant-Appellee,

SODEXO, INC., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 29, 2013)

Before TJOFLAT, PRYOR and COX, Circuit Judges.

PER CURIAM:

To provide its on-campus food services, Saint Leo University contracted with Sodexo, Inc. Melissa Wigfall, Connie Daniels, Genethel Danielle Pye, Anthony Mills, Malisa Butler, Virginia Larry, and Melissa Worley (collectively, the Plaintiffs) were food-services workers employed by Sodexo and stationed at Saint Leo University. The Plaintiffs sued Sodexo and two of its supervisory personnel in February 2010, seeking damages for race discrimination, unpaid wages, and battery. That lawsuit settled. The settlement required Sodexo to make several changes to its operation at Saint Leo. Later that year, Saint Leo notified Sodexo that it intended to terminate the food-services contract. Sodexo then notified the Plaintiffs (and other food-services workers at Saint Leo) that Sodexo would "no longer be able to employ [them] at Saint Leo" after the termination date. Sodexo ceased providing food services at Saint Leo on October 1, 2010, and the food-services workers, including the Plaintiffs, were terminated.

2

Shortly thereafter, the Plaintiffs brought this lawsuit against Saint Leo alleging retaliatory termination in violation of the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981, as well as Florida's Whistleblower's Act and Civil Rights Act. The apparent theory is that Saint Leo terminated its contract with Sodexo—which led to the Plaintiffs' terminations—to retaliate against the Plaintiffs for participating in the lawsuit against Sodexo.

Saint Leo moved for summary judgment. The district court granted the motion, giving three bases for its ruling: (1) Saint Leo did not jointly employ the plaintiffs, which each cause of action presumably requires; (2) the Plaintiffs could not establish a prima facie case of retaliation under any of the five causes of action; and (3) the Plaintiffs could not show that Saint Leo's proffered reasons for terminating its contract with Sodexo were pretextual.[1]

Assuming, without deciding, both that Saint Leo was the Plaintiffs' joint employer for the purposes of each cause of action and that the Plaintiffs established a prima facie case of retaliation under each statute, the Plaintiffs failed to show that

---

[1] The district court also dismissed plaintiff Marisa Butler's claims under Title VII and the Florida Civil Rights Act because Butler failed to first file discrimination charges with the appropriate governmental agencies as each statute requires.

Plaintiffs' counsel argues on appeal that "[a] view of the history of the pleadings will plainly and quickly demonstrate to the Court that Plaintiff Butler never asserted a claim for Title VII and FCRA." We find this statement baffling. The pleadings, in fact, "plainly and quickly demonstrate" that Butler asserted both claims. She was a named plaintiff in the Second Amended Complaint, which asserted—without excluding any plaintiff—Title VII and FCRA claims.

3

the reasons Saint Leo proferred for the contract termination were pretextual.  We need only address the pretext issue to affirm the district court's ruling.

Though using nonidentical language, each statute named in the Complaint prohibits an employer from taking a retaliatory employment action against an employee because that employee engaged in an activity the statute protects.[2] Retaliation claims under each of the statutes, if supported only by circumstantial evidence, operate under a burden-shifting framework: The plaintiff must first establish the elements of the prima facie case of retaliation.  Once the plaintiff does so, the employer has the burden to produce a lawful basis for the employment action.  The plaintiff must then produce evidence to show that the employer's proferred basis is pretextual.[3]  If the plaintiff cannot, the defendant is entitled to

---

[2] *See* 29 U.S.C. § 215(a)(3) (codifying the section of the Fair Labor Standards Act that prohibits retaliation by employers); 42 U.S.C. § 1981 (prohibiting "nongovernmental discrimination" that impairs a person's exercise of his or her rights "to sue, be parties, [or] give evidence"); 42 U.S.C. § 2000e-3(a) (codifying the section of Title VII that prohibits retaliation by employers); Fla. Stat. § 448.102 (codifying the Florida Whistleblower's Act, which prohibits employers from taking "retaliatory personnel action[s]" against employees who disclose an unlawful employer practice to a governmental agency); Fla. Stat. § 760.10(7) (codifying the section of the Florida Civil Rights Act that prohibits retaliation by employers).

[3] *See Crawford v. Carroll*, 529 F.3d 961, 975–76 (11th Cir. 2008) (applying the burden-shifting test to a Title VII retaliation claim); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950–51 (11th Cir. 2000) (holding that the burden-shifting framework applied in retaliation claims under the Florida Whistleblower's Act); *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000) (applying the burden-shifting framework to a retaliation claim under the Fair Labor Standards Act); *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) (applying the burden-shifting analysis to a § 1981 retaliation claim); *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1388–90 (11th Cir. 1998) (recognizing that the Title VII analysis informs the analysis of retaliation claims under the Florida Civil Rights Act); *Gleason v. Roche Labs., Inc.*, 745 F. Supp. 2d 1262, 1270 (M.D. Fla. 2010) (applying the burden-shifting analysis to a retaliation claim under the Florida Civil Rights Act).

4

summary judgment. *See Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1348–50 (11th Cir. 2007) (affirming the district court's grant of summary judgment because the plaintiff failed to show that her employer's proffered reasons were pretextual).

Even if the Plaintiffs established a prima facie case of retaliation under all five statutes, summary judgment was proper because Saint Leo offered lawful reasons for terminating its contract with Sodexo and the Plaintiffs failed to show that those reasons were pretexts for retaliation.

Saint Leo argues on appeal, as it did before the district court, that it terminated its contract (1) to save around $400,000, (2) to hire Sodexo's former manager of food services on Saint Leo's campus, Rich Vogel, who would otherwise be transferred as a result of the settlement between Sodexo and the Plaintiffs, and (3) because Saint Leo was disappointed by a lack of communication from Sodexo regarding the requirements of the settlement.

To argue that these reasons are pretextual, the Plaintiffs point out that Saint Leo lacked facts to conclude that the contract termination would save as much as $400,000, that Saint Leo could have saved money by taking other actions short of cancelling the contract, and that Saint Leo could have kept Vogel on campus without terminating the contract.

These contentions fail to show pretext. First, offering evidence that Saint Leo did not have more specific knowledge of the amount of savings to be gained does not suggest pretext. It is not disputed that Saint Leo believed it would save money by terminating the contract, and whether Saint Leo knew an exact figure is irrelevant to whether Saint Leo offered this reason as pretext for retaliation. Second, even if it is true that Saint Leo could have saved money and kept Vogel on campus without terminating the contract, that argument is relevant to whether Saint Leo made the best business decision but not to whether Saint Leo offered the reason as pretext. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc) (acknowledging that, in the pretext analysis, a "plaintiff is not allowed to . . . substitute his business judgment for that of the employer"). Third, the Plaintiffs have failed to offer any evidence that the lack of communication from Sodexo was a pretextual reason for terminating the contract. *See Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir. 2007) ("If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment.").

The Plaintiffs suggest several other factual contentions in support of the proposition that Saint Leo's reasons were pretextual. These contentions bear little relevance to the pretext analysis.

The district court's grant of summary judgment is AFFIRMED.

6