[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15345
Non-Argument Calendar
_____

D.C. Docket No. 4:09-cv-00098-DHB-GRS

ALIX LAINCY,

Plaintiff-Appellant.

versus

CHATHAM COUNTY BOARD OF ASSESSORS, et al.,

Defendants,

CHATHAM COUNTY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 28, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges:

PER CURIAM:

Alix Laincy, a male, appeals the district court's grant of summary judgment to his former employer, Chatham County ("County"), in his employment discrimination action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). On appeal, Laincy argues that the district court erred in granting the County's motion for summary judgment on Laincy's claim of sex discrimination in the County's failure to promote him to an appraiser and on his claims of retaliation so far as the County failed to promote him and then terminated him. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, "applying the same legal standards as the district court." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "[S]ummary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact." Id. (quotation omitted). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." Id. (quotation omitted). In making this determination, we "make all reasonable inferences in favor of the" nonmoving party. Id. (quotation omitted).

2

First, we are unpersuaded by Laincy's argument that the district court erred in granting the County's motion for summary judgment on Laincy's sex discrimination claim. Title VII prohibits an employer from discriminating against an employee based on sex. 42 U.S.C. § 2000e-2(a). "Title VII's prohibition of discrimination 'because of . . . sex' protects men as well as women." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998). A plaintiff bears the burden of proving, using direct or circumstantial evidence, unlawful employment discrimination. Hinson v. Clinch Cnty., Ga. Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000). Under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), there is a three-step process to establish discrimination: first, the plaintiff must establish a prima facie case; second, the defendant "must articulate a legitimate, nondiscriminatory reason for the challenged employment action"; and third, the plaintiff must proffer evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Chapman, 229 F.3d at 1024 (quotation omitted).

To meet the requirements of the pretext step, a plaintiff must produce sufficient evidence for a reasonable factfinder to conclude that the employer's legitimate, nondiscriminatory reason was "a pretext for discrimination." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 771 (11th Cir. 2005). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee

3

must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman, 229 F.3d at 1030. Rather, the plaintiff must show "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons . . . that a reasonable factfinder could find them unworthy of credence." Vessels, 408 F.3d at 771 (quotation omitted). In the context of a promotion, where a plaintiff attempts to show pretext by arguing that he was more qualified than the selected individual, he must show, in light of those superior qualifications, that "no reasonable person" would have selected the other candidate rather than the plaintiff. Springer v. Convergys Customer Mgmt. Grp. Inc., 509 F.3d 1344, 1349 (11th Cir. 2007) (quotation omitted).

In this case, the district court did not err in granting the County's motion for summary judgment on Laincy's sex discrimination claim. Assuming arguendo that Laincy established a prima facie case, he nonetheless did not rebut the County's proffered reason for promoting two women as appraisers rather than promoting Laincy. Specifically, those individuals had taken appraisal classes, and Laincy had not. Laincy has not shown that "no reasonable person" could have selected two candidates who had already taken the courses over Laincy, who had not done so. Id. (quotation omitted).

4

As for Laincy's argument that the two women who were promoted were afforded unfair opportunities to take appraisal classes, it is without merit. There is no evidence in the record that Laincy asked to take the courses, and thus, there is no evidence that he was denied the opportunity to do so. Moreover, unlike the individuals who took the courses and were promoted, Laincy was still in his initial probationary period with the County when he applied and was interviewed for the appraiser position. Under County policy, probationary employees were not eligible to be promoted. In short, even if Laincy asked to take the courses and had his request denied, the County did nothing improper, since Laincy was not eligible to be promoted regardless of whether he had taken appraisal classes.[1]

Nor are we persuaded by Laincy's retaliation claim. Employers are prohibited from retaliating against employees who oppose unlawful sex discrimination. 42 U.S.C. § 2000e-3(a). The McDonnell Douglas framework has been used in retaliation cases in which the plaintiff relies on circumstantial evidence. Bryant v. Jones, 575 F.3d 1281, 1307-08 (11th Cir. 2009). To establish a prima facie case of retaliation, the plaintiff may show that: (1) he engaged in a protected activity; "(2) he suffered an adverse employment action"; and (3) there

---

[1] Laincy also claims that one of the employees had not completed her probationary period when she was promoted and that she was promoted within two months of being hired, but the record refutes this unsupported assertion.

was a causal connection between the protected activity and the adverse employment action.  Id.

Not every act an employee takes in opposition to discrimination is protected. Butler v. Ala. Dep't of Transp., 536 F.3d 1209, 1214 (11th Cir. 2008).  The employee must show: (1) that he had a subjective good-faith belief "that his employer was engaged in unlawful employment practices"; and (2) that his belief, even if mistaken, was objectively reasonable in light of the record.  Id. at 1213 (quotation omitted).  In evaluating the objective severity of harassment, we consider factors such as: (1) the conduct's frequency; (2) the conduct's severity; (3) "whether the conduct is physically threatening or humiliating, or a mere offensive utterance"; and (4) "whether the conduct unreasonably interferes with the employee's job performance."  Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1276 (11th Cir. 2002).

Likewise, not every discriminatory comment made by a coworker constitutes an unlawful employment practice.  Butler, 536 F.3d at 1214.  Rather, to establish a claim of a hostile work environment, the employee "must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  Id. (quotation omitted). Thus, we have held that "[a] racially derogatory remark by a co-worker, without

6

more, does not constitute an unlawful employment practice under the opposition clause of Title VII, 42 U.S.C. § 2000e-3(a), and opposition to such a remark, consequently, is not statutorily protected conduct." Id. (quotation omitted).  It is objectively unreasonable to believe that a coworker's single use of discriminatory language "is enough to permeate the workplace with 'discriminatory intimidation, ridicule, and insult' and to 'alter the conditions of the victim's employment and create an abusive working environment.'" Id.

Here, the district court did not err in granting the County's motion for summary judgment on Laincy's retaliation claims.  First, Laincy did not establish a prima facie case of retaliation because he did not show that he had engaged in protected activity.  See Bryant, 575 F.3d at 1307-08.  Even if he subjectively believed that he was opposing an unlawful employment practice, his belief that his coworker's allegedly harassing comments constituted an unlawful employment practice was not objectively reasonable.  See Butler, 536 F.3d at 1213.  The record shows that Laincy's work environment was not permeated with intimidation, ridicule, or insult.  See id. at 1214.  Rather, Laincy's coworker made three innocuous comments asking him if he was dating anyone.  These comments were not threatening, humiliating, or offensive, and they did not interfere with Laincy's job performance.  See Miller, 277 F.3d at 1276.  Accordingly, we affirm the

7

district court's grant of summary judgment to the County on Laincy's sex discrimination and retaliation claims.

**AFFIRMED.**