[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11833
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03862-JOF

JACK A. RAMSEY,

                                                        Plaintiff-Appellant,

versus

BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA,
DR. G.P. PETERSON,
DR. JAMES FOLEY,
MARITA J. SULLIVAN,
PEARL J. ALEXANDER,
PAM RUFFIN,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 6, 2013)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Jack A. Ramsey appeals the district court's grant of summary judgment to defendants Board of Regents of the University System of Georgia, Dr. G. P. Peterson, Dr. James Foley, Marita J. Sullivan, Pearl J. Alexander, and Pam Ruffin (collectively, "Defendants"), concerning Ramsey's claims of a retaliatory firing for protected speech and racial discrimination in Defendants' adverse employment actions against him.  On appeal, Ramsey argues that the district court erred in granting summary judgment to the defendants as to Ramsey's claim that he was fired in retaliation for reporting his supervisor's violations, and as to Ramsey's claim of racial discrimination.  After careful review, we affirm.

We review de novo a district court's grant of summary judgment.  Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).  Summary judgment is proper if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).

The undisputed facts, for purposes of summary judgment, are these. Ramsey, a white male, was an employee at the Georgia Institute of Technology ("Tech") from 1993 until April 2010, most recently working as a Senior Facilities Manager at Tech's College of Computing.  In October 2009, Ramsey met with Tech officials to Report that Larry Beckwith, his supervisor, had violated Tech policies by: (1) ordering Ramsey and another employee, Daron Foreman, to use

2

their Tech Procurement Cards ("PCard") to make improper purchases; (2) ordering Ramsey to improperly dispose of desks that belonged to Tech by giving them to students; and (3) hiring a vendor that Beckwith had worked for. After conducting an investigation, Tech terminated Ramsey for his participation in the PCard violations and in the disposal of the desks. The investigation also found that Foreman had not committed any violations.

After deciding to recommend that Ramsey be terminated, Marita J. Sullivan, the Interim Associate Vice President of the Office of Human Resources at the time, requested information about Ramsey's race. At her deposition, she asserted that she verified this information to keep track of employee demographic information to ensure that her actions were not having an adverse impact on any particular group. On appeal, Tech's Impartial Board of Review unanimously recommended that Tech's decision to terminate Ramsey be overturned, and that Ramsey be reinstated. Prior to Tech offering Ramsey a conditional reinstatement, Sullivan requested a report that listed every Tech employee, and the list contained race data, which Sullivan stated she believed was part of a standard query. Ramsey rejected the offer for conditional reinstatement, and his termination was upheld.

First, we are not convinced that the district court erred in granting summary judgment on Ramsey's retaliation claim. In order to prevail on a claim of retaliation by a government employer for alleged constitutionally protected speech,

the employee must show that: (1) the speech involved a matter of public concern; (2) the employee's free speech interests outweigh the employer's business interests; and (3) the speech played a substantial role in the adverse employment action. Boyce v. Andrew, 510 F.3d 1333, 1342 n.12 (11th Cir. 2007). The employer then has the burden of proving by a preponderance of the evidence that it would have made the same decision absent the protected speech. Id. The Supreme Court has held that a public employee's speech is not protected when his statements are made pursuant to his official duties, as opposed to when he is speaking as a private citizen on matters of public concern. Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). We have subsequently modified the first prong of the test to determine: (1) whether the employee spoke as an employee or as a citizen; and (2) whether the speech addressed an issue relating to the employer's purpose or a matter of public concern. Boyce, 510 F.3d at 1342. To qualify as constitutionally protected speech under the First Amendment, the speech must be made by a government employee speaking as a citizen and be on a subject of public concern. Id. at 1342-43.

In reaching a decision whether an employee's speech relates to his job as opposed to an issue of public concern, a court must examine the content, form, and context of a given statement, as revealed by the record as whole. Id. at 1343. An

employee may not transform a personal grievance into a matter of public concern by invoking the public's interest in the way the institution is run. Id. at 1344.

Here, the district court properly granted summary judgment as to Ramsey's First Amendment retaliation claim because Ramsey spoke in his capacity as an employee. Ramsey admitted that he was familiar with, and had received training for, Tech's PCard policy and disposal policy. Under the PCard policy, Ramsey was responsible and accountable for all transactions on his card, and was prohibited from lending his card to anyone. Under the disposal policy, Ramsey was prohibited from giving the desks to the students without the proper approval or Certificate of Authorization for Destruction. Thus, despite Ramsey's argument that reporting Beckwith's misconduct was outside the scope of his job duties, his report of improper uses of his PCard and improper disposal of property all implicated Tech policies that he was obligated to abide by as an employee. As a result, Ramsey was speaking as a government employee, and his speech was not protected by the First Amendment. See id. at 1342-43.

We also find unavailing Ramsey's claim that the district court erred in granting summary judgment on his discrimination claim. Under McDonnell Douglas, if a plaintiff makes the requisite showing of a prima facie case of racial discrimination, and the employer articulates a legitimate, nondiscriminatory reason for its actions, then the plaintiff must offer evidence that the employer's alleged

reason is a pretext for illegal discrimination.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).  To establish pretext, the plaintiff must show that: (1) the offered reason was false; and (2) the decision was motivated by some illegal purpose.  Springer v. Convergys Customer Mgmt. Group Inc., 509 F.3d 1344, 1349 (11th Cir. 2007).  If the plaintiff's claim fails under the McDonnell Douglas framework, he may still survive summary judgment if the record presents "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker."  Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011) (quotation and footnote omitted).  As long as there is circumstantial evidence to raise a reasonable inference that the employer discriminated against the plaintiff, summary judgment is improper.  Id.

Here, none of Ramsey's factual assertions made in support of his pretext argument are supported by the record.  First, Foreman did not receive favorable treatment relative to Ramsey because Tech determined that Foreman did not commit any violations.  Second, Sullivan has offered legitimate reasons for obtaining race data, and there is no evidence to contradict her explanations. Finally, the evidence shows that Tech does not use goals, targets, or preferences with respect to its diversity policy when making employment decisions.  Thus, Ramsey's assertions are unsupported by the record, and he has failed to demonstrate that Defendants' offered reason for firing him was false.  See

6

Springer, 509 F.3d at 1349.  To that end, Ramsey has also failed to establish that the circumstantial evidence raises a reasonable inference that Defendants discriminated against him because of his race.  See Smith, 644 F.3d at 1328. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**