[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13531
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20818-JLK

KAREN TEPPER KEANE,

Plaintiff-Appellant,

versus

FEDERAL EXPRESS CORPORATION,
EDUARDO E. UTSET,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 21, 2018)

Before ED CARNES, Chief Judge, JILL PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Karen Tepper Keane brought claims for race discrimination and retaliation under 42 U.S.C. § 1981 against her employer, Federal Express Corporation ("FedEx"), and her former supervisor, Eduardo Utset.  The district court granted summary judgment for the defendants.  This is Keane's appeal.[1]

I.

Keane is a Jewish Caucasian woman.  During the events underlying this case she was a finance manager in FedEx's Latin American Caribbean Division and a "distinct minority" in management.  Utset is a Hispanic man.  He was a managing director in the Division and supervised Keane from November 2013 to June 2014.

In September 2013 FedEx posted an opening for a senior manager position.  FedEx policy is to post job openings internally for one week.  Employees who seek a posted job must apply within that period.  Keane did not apply.  Two employees did — both of whom are Hispanic — but neither got the job.  So FedEx began soliciting applications from external candidates.

In November 2013 FedEx reorganized the Division and Utset became Keane's supervisor.  Keane met with Utset to express interest in the senior manager job.  He told her that she should have applied earlier and that she was

---

[1] We recount the facts in the light most favorable to Keane because this case is on appeal from summary judgment.  See Goodman v. Kimbrough, 718 F.3d 1325, 1329 (11th Cir. 2013).

unqualified because she was not a certified public accountant and lacked revenue experience.  A couple of months later, Keane reiterated her interest in the job, and Utset reiterated that she should have applied earlier and was unqualified.  She never did apply.

FedEx ultimately hired Deborah Casanova, an external candidate.  She became senior manager in June 2014 and replaced Utset as Keane's supervisor.  Casanova is Caucasian.[2]  She is also a CPA.

According to Keane, Casanova and Utset began looking for reasons to fire her.  She points to two events.  First, in June 2015, Keane received a "documented counseling"[3] when FedEx discovered that one of her supervisees, an African American woman named Betty Harris, had been working outside of the proper job classification.  Keane told Casanova that she had previously attempted to resolve Harris' job misclassification by requesting that FedEx promote her.  In making those requests Keane cited only business reasons; she did not assert that FedEx failed promote Harris on account of her race.  Despite Keane's explanation, her

---

[2] Keane argued to the district court that Casanova is "not Caucasian" because "she is Brazilian-born, raised, educated, and has spent the majority of her career in Brazil."  Casanova, who presumably knows her own ethnicity better than Keane, filed a sworn statement that she is "80% Italian, 10% Austrian, and 10% Portuguese," and attached a FedEx "Personal Information Screen" listing her race as "white."  Keane does not press the issue on appeal, so it is abandoned. See AT&T Broadband v. Tech Commc'ns., Inc., 381 F.3d 1309, 1320 n.14 (11th Cir. 2004).

[3] Under FedEx policy a "documented counseling" involves a counseling session on proper employment conduct and a notation of that counseling.  It is not disciplinary in nature.

supervisors insisted that she be counseled on the proper steps to place an employee in the proper classification.

Second, in July 2015, FedEx disciplined Keane for violating its Information Security Policy. One of Keane's duties as finance manager was to approve payroll. In case she was absent, FedEx policy required another authorized management-level employee to approve payroll. In this instance, Keane went on vacation and gave an unauthorized non-management employee her password to approve payroll. That employee told Casanova, and Human Resources told Casanova to investigate.

That investigation exposed problems with Keane's work performance. It confirmed that she violated FedEx policy by giving her password to an unauthorized employee. It revealed that she let an employee work remotely without ensuring that he accurately recorded his time (he did not). And interviews with Keane's staff revealed that she used unprofessional language in meetings, lacked interest in implementing FedEx's new payroll system, and in one instance failed to resolve a discrepancy that exposed FedEx to over $50,000 of risk.

As a result of the investigation, FedEx demoted Keane to a non-management job. Keane unsuccessfully appealed her demotion through FedEx's Guaranteed Fair Treatment process. She then brought suit against FedEx and Utset, alleging race discrimination and retaliation under 42 U.S.C. § 1981. The district court granted summary judgment to the defendants, and Keane appealed.

4

## II.

We review de novo a district court's grant of summary judgment.  Kernel Records Oy v. Mosley, 694 F.3d 1294, 1300 (11th Cir. 2012).  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

Keane contends that the district court erred in granting summary judgment to defendants on (1) her failure to promote discrimination claim; (2) her claim that she was demoted due to race discrimination; and (3) her claim that she was demoted in retaliation for seeking equitable pay for Harris.

## A.

To make out a prima facie case of race discrimination based on a failure to promote, Keane must establish "she was qualified for and applied for a position." Springer v. Convergys Customer Mgmt. Grp., Inc., 509 F.3d 1344, 1347 (11th Cir. 2007).  Keane did not apply for the senior manager position.  So the district court properly granted summary judgment to the defendants on that claim.

## B.

Keane contends that the defendants were not entitled to summary judgment on her claim that she was demoted due to race discrimination.  Assuming Keane established a prima facie case, her contention fails because she has not shown that FedEx's reasons for demoting her were pretext for discrimination.  See Crawford

5

v. Carroll, 529 F.3d 961, 976 (11th Cir. 2008) ("[I]f the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action.  If the employer does this, the burden shifts back to the plaintiff to show that the employer's stated reason was a pretext for discrimination.") (citation and quotation marks omitted).

The defendants articulate several legitimate reasons for demoting Keane: she gave payroll access to an unauthorized employee; she let an employee work remotely without ensuring his hours were accurate; and some of her supervisees said she was a bad leader, acted unprofessionally, and exposed FedEx to financial risk.

Keane does not dispute that she violated FedEx policy.  Instead she argues that employees outside her protected class routinely violate FedEx policy without consequence.  But the record shows that FedEx has fired — not just demoted — several non-Caucasian and non-Jewish employees for violating its policies.  So Keane's reference to the way FedEx disciplines other employees is unavailing. And Keane fails to rebut the other reasons the defendants gave for demoting her. See Chapman v. AI Transp., 229 F.3d 1012, 1024–25 (11th Cir. 2000) ("If an employer proffers more than one legitimate nondiscriminatory reason, the plaintiff must rebut each reason to survive a motion for summary judgment.").

6

Keane also argues that the district court gave insufficient weight to evidence that she says proves pretext. She points to Utset's secretary's allegation that Utset referred to Keane outside her presence as "La Judia" (Spanish for "the Jew") and made "dismissive arm motions" when referring to her that way. The secretary also stated that she once heard Utset scream "Just write her up," and when asked why he was so agitated, Utset responded "La Judia esa" ("that Jewish one").

We accept that evidence as true, see Kimbrough, 718 F.3d at 1329, but we disagree that Utset calling Keane "the Jew" outside her presence proves pretext. To be sure, that is not a professional way to speak about a colleague. But there is no evidence of when or how often Utset called Keane "the Jew," nor is there any evidence at all linking that remark to Keane's demotion. So Utset's remarks would not permit a reasonable jury to find that the many business reasons the defendants cite for demoting Keane were pretext.

## C.

To make out a prima facie case of retaliation, Keane must establish that she engaged in statutorily protected activity, Bryant v. Jones, 575 F.3d 1281, 1307–08 (11th Cir. 2009), which requires "explicitly or implicitly communicat[ing] a belief that the practice constitutes unlawful employment discrimination." Furcron v. Mail Ctrs. Plus, LLC, 843 F.3d 1295, 1311 (11th Cir. 2016). Although Keane asked FedEx to promote Harris, she cited only business reasons to support her

7

request.  She did not communicate "explicitly or implicitly" or in any way, shape, or form that she thought FedEx was underpaying Harris on account of her race.  So the district court properly granted summary judgment to the defendants on Keane's retaliation claim.

**AFFIRMED.**

8