[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13910
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-21172-JAL


MAURICIO GIRALDO,

                                                        Plaintiff - Appellant,

versus

MIAMI DADE COLLEGE,

                                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Mauricio Giraldo appeals the district court's grant of summary judgment in favor of Miami-Dade College (MDC) in his employment discrimination action under the ADEA, 29 U.S.C. § 623, and ADA, 42 U.S.C. § 12112(a). Giraldo argues that the district court erred in holding that he did not establish prima facie cases of age or disability discrimination. Upon thorough review of the briefs and record, we affirm.

## I.

Giraldo, who was born with arthrogryposis and is confined to a wheelchair, was employed as a part-time tutor at MDC from 2004 to 2012. In 2012, due to budget cuts, MDC eliminated the eight part-time tutor positions and created three new positions with essentially the same character and responsibilities as the old ones. MDC informed Giraldo and the other tutors that their positions were expiring and encouraged them to apply for the three new spots. MDC received over 170 applications for the three positions. Although Giraldo made it to the final round of interviews, he was not selected. Giraldo was over forty years of age at the time, and the three candidates selected were all in their twenties.

## II.

We review a district court's grant of summary judgment de novo, and construe the evidence in the light most favorable to the non-moving party. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263–64 (11th Cir. 2010).

2

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 1264. We may uphold a grant of summary judgment on any basis supported by the record. *Id.*

The ADEA prohibits employers from discharging an employee who is at least forty years of age because of that employee's age. 29 U.S.C. §§ 623(a)(1), 631(a). "A plaintiff can establish age discrimination through either direct or circumstantial evidence." *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013). We evaluate ADEA claims based on circumstantial evidence of discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *Id.* First, a plaintiff is required to establish a prima facie case of discrimination. *Id.* "Next, the defendant must articulate a legitimate, non-discriminatory reason for the challenged employment action." *Id.* If the defendant articulates one or more such reasons, the plaintiff is afforded an opportunity to show that the employer's stated reasons are a pretext for discrimination. *Id.* The Supreme Court has held that 29 U.S.C. § 623(a)(1) ultimately requires a plaintiff to prove by a preponderance of the evidence that age was the "but for" cause of the employer's adverse decision. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180, 129 S. Ct. 2343, 2352 (2009). The burden of persuasion always remains with the plaintiff in an ADEA case. *Simms*, 704 F.3d at 1332–33.

3

The ADA prohibits covered employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). We likewise analyze ADA discrimination claims under the *McDonnell Douglas* burden-shifting framework. *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000) (per curiam).

A plaintiff may demonstrate pretext by "revealing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in [the employer's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (per curiam) (internal quotation marks omitted). However, to establish that an employer's asserted reason was pretextual, a plaintiff must show both that the stated reason was false and that discrimination was the real reason. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993). If the proffered reason is one that might motivate a reasonable employer, the plaintiff must "meet it head on and rebut it" instead of merely quarreling with it. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004). The inquiry into pretext centers on the employer's beliefs, not the

4

employee's beliefs or "reality as it exists outside of the decision maker's head." *Alvarez v. Royal Atlantic Developers*, 610 F.3d 1253, 1266 (11th Cir. 2010).

## III.

Giraldo argues that the district court erred in applying the modified, reduction in force (RIF) analysis to his age and disability discrimination claims, and that it erred in granting summary judgment sua sponte on the basis that he had failed to establish prima facie claims under the ADEA and ADA. Even assuming, arguendo, that Giraldo had established prima facie claims, Giraldo has failed to present evidence supporting a reasonable inference that MDC's stated legitimate, non-discriminatory reason for not rehiring him was pretextual and that age or disability discrimination was actually the "but for" cause of MDC's decision. Accordingly, we affirm the grant of summary judgment.

Over 170 people applied for the three tutor positions, and six of the eight former tutors did not receive new offers.[1] Giraldo admits that during the interview process he did not tell anyone his age, and no one asked him about his age or his disability. He also admits that during his tenure as a part-time tutor, no one at MDC made any disparaging comments about his age or disability. The only reference to Giraldo's age during the entire interview process was during the first round interview, when one of the interviewers, who was over the age of fifty,

---

[1] One of the candidates selected for the three positions had a learning disability, and was hired through an MDC program which assisted disabled individuals in getting jobs at the school.

5

asked Giraldo "how [he] handl[ed] people [his] age."  But from there, Giraldo advanced to a final round interview, which was conducted solely by the final decision-maker, Zoila De Yurre Fatemian.   De Yurre Fatemian testified that all five finalists were equally qualified for the position, and that she made her final decision based on interview performance.  All of the final candidates were asked the same three questions.  De Yurre Fatemian testified that Giraldo had some difficulty answering the interview questions and could not communicate very well in English.  Two of the other people involved in the hiring process also testified that they found it difficult to understand Giraldo, and that he struggled to answer some of the interview questions.  While the online job posting for the position did not mention anything about oral or written communication skills, an MDC job description did specify that excellent oral and written communication skills were required for the position.

Giraldo has not put forth evidence showing that De Yurre Fatemian's reason for declining to hire him was false or pretextual, and the record does not support a conclusion that his age or disability was actually the "but-for" cause of MDC's decision not to rehire him.  The only circumstantial evidence of discrimination offered is that the three people hired were in their twenties, that none had a *physical* disability, and that one interviewer, who was himself in his fifties, asked Giraldo how he handled people his age in the first round of interviews.  But

without more, this evidence does not overcome the legitimate, non-discriminatory reason given by the final decision-maker, which was corroborated by the record, the job description, and by multiple other employees.  Even drawing all factual inferences in Giraldo's favor, he has not supported his discrimination claims with sufficient circumstantial evidence to allow a reasonable factfinder to conclude that a violation of the ADEA or ADA has occurred.  Accordingly, we affirm the grant of summary judgment to MDC on Giraldo's ADEA and ADA claims.

**AFFIRMED.**