[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13923
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-61491-DLG

LAZARO SANTIAGO RODRIGUEZ,

Plaintiff-Appellant,

versus

SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND
SECURITY,
TRANSPORTATION SECURITY ADMINISTRATION,

Defendant-Appellee,

TIMOTHY LEWIS,
Federal Security Director Fort Lauderdale/Hollywood
International Airport, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 30, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Lazaro Santiago Rodriguez appeals the district court's grant of summary judgment in favor of the Secretary of the United States Department of Homeland Security and the Transportation Security Administration (collectively, "TSA"), on his claims of race discrimination and retaliation, brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-3(a) and 2000e-16(a).

On appeal, Rodriguez contends that he presented sufficient evidence to show that TSA's reason for not promoting him to Lead Transportation Security Officer (LTSO) or Supervisory Transportation Security Officer (STSO) was a pretext for discrimination on the basis of his race. Further, he argues that he presented sufficient evidence to show that his non-selection for the STSO position was in retaliation to a protected opposition to discrimination. After a thorough review of the record and the parties' briefs, we affirm.

## I.

We review de novo a grant of summary judgment. *Crawford v. City of Fairburn*, 482 F.3d 1305, 1308 (11th Cir. 2007). Summary judgment is proper where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a). "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat

2

summary judgment." *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989).

Title VII prohibits the federal government from discriminating against an employee on the basis of race. 42 U.S.C. § 2000e-16(a). A plaintiff may establish a discrimination claim through the introduction of direct or circumstantial evidence of intentional discrimination. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). Where, as here, the plaintiff relies on circumstantial evidence of discrimination, we apply the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *Alvarez*, 610 F.3d at 1264. Under this three-part burden-shifting framework, a plaintiff must first establish a prima facie case of discrimination. *Id.* If the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to offer a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* If the defendant meets this burden of production, the burden shifts back to the plaintiff to show that the stated reason is a mere pretext for unlawful discrimination. *Id.* A reason is not pretext for discrimination unless the plaintiff can establish that the defendant intentionally discriminated against him. *Id.* at 1264–65. The plaintiff may demonstrate pretext by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find

them unworthy of credence." *Id.* at 1265 (internal quotation marks omitted). "[A] plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position he coveted." *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (per curiam) (alterations in original) (internal quotation marks omitted).

Here, the district court did not err by concluding that summary judgment was appropriate on Rodriguez's discrimination claim. Rodriguez did not establish that TSA's legitimate, nondiscriminatory reason for not promoting him—that Rodriguez's earned lower evaluation scores than the candidates selected for the positions—was a pretext for discrimination. None of the issues Rodriguez points to rendered TSA's legitimate, nondiscriminatory explanation so implausible as to be unworthy of credence. *See Alvarez*, 610 F.3d at 1265.

## II.

Title VII prohibits an employer from retaliating against an employee who engages in statutorily protected activity. 42 U.S.C. § 2000e-3(a). A plaintiff can make out a prima facie case for retaliation by showing that (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). The adverse action must be of a type that "well might have dissuaded a reasonable worker from making or

4

supporting a charge of discrimination." *Id.* at 974 (internal quotation marks omitted). "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002) (internal quotation marks omitted).

As with claims of discrimination, we apply the *McDonnell Douglas* burden-shifting analysis to retaliation claims. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010). Thus, once a plaintiff establishes a prima facie case, the employer has the opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action. *Id.* If accomplished, the plaintiff then has the ultimate burden of proving that the reason provided by the employer was a pretext for prohibited, retaliatory conduct. *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009). To prove pretext, the plaintiff must show that the employer's proffered reasons were "a coverup for a . . . discriminatory decision." *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002) (per curiam) (omissions in original) (internal quotation marks omitted).

The district court did not err by concluding that summary judgment was appropriate on Rodriguez's retaliation claim. As with his claim of discrimination, Rodriguez did not establish that TSA's legitimate, nondiscriminatory reason for

not promoting him to the STSO position was a pretext for retaliation.  Rodriguez argues that there is more than enough evidence to show that he did not truly lack the knowledge, training, qualifications, initiative and other traits needed for a supervisory position.  The undisputed evidence, however, is that the successful candidates for the STSO position all had higher combined matrix and interview scores—the sole criteria TSA utilized in the STSO promotion process.  Thus, Rodriguez had the burden to establish that TSA's proffered reason was actually a pretext for retaliation.  *See Goldsmith*, 513 F.3d at 1277.  He failed to carry that burden.

**AFFIRMED.**