[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14275
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-01638-SCB-TBM

ABRAHAM I. AWAAD,

Plaintiff-Counter
Defendant-Appellant,

versus

LARGO MEDICAL CENTER, INC.,
a Florida corporation
d.b.a. Largo Medical Center,

Defendants-Counter
Claimant-Appellee,

NON-PARTY PHYSICIANS,

Third Party Plaintiff.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 2, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Abraham I. Awaad appeals the district court's grant of summary judgment to defendant Largo Medical Center, Inc. ("LMC"), in his case alleging racial discrimination, in violation of 42 U.S.C. § 1981.  Awaad, a Palestinian male, held medical staff privileges with LMC as a nephrologist with a specialty in electrolyte disorders.  Following the death of one of Awaad's patients, LMC initiated a peer review process of Awaad's conduct in that case and others.  LMC's Medical Care Evaluation Committee ("MCEC") and its medical executive committee ("MEC") required Awaad to enroll in the Physician Recovery Network ("PRN") program, and attend a post-graduate course in fluid and electrolyte management.  Awaad never completed these actions, and had his medical staff privileges revoked.  The district court granted summary judgment to LMC, concluding that Awaad had failed to identify any suitable comparators, and failed to show that LMC's asserted legitimate, nondiscriminatory reason for firing him was false.   On appeal, Awaad argues that: (1) the district court improperly ignored his identified comparators; (2) even if there were no suitable comparators, there was sufficient circumstantial evidence from which a jury could infer a discriminatory intent; and (3) LMC's alleged nondiscriminatory reason for revoking his medical staff privileges was pretextual.  After careful review, we affirm.

2

We review de novo a district court's grant of summary judgment.  Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).  Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  The evidence and factual inferences from the evidence are construed favorably to the party opposing summary judgment.  Reynolds v. Bridgestone/Firestone, Inc., 989 F.2d 465, 469 (11th Cir. 1993).

Under 42 U.S.C. § 1981, discrimination in the right to make and enforce contracts on the basis of ethnicity or ancestry is prohibited.  Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987).  Both section 1981 and Title VII have the same requirements of proof and use the same analytical framework. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).  Moreover, the McDonnell Douglas[1] standard for a prima facie case is applicable in employment discrimination suits brought under 42 U.S.C. § 1981.  Id. at 1330-31.

When, as here, a plaintiff relies on circumstantial evidence to prove discrimination, we apply the burden-shifting approach articulated in McDonnell Douglas.  Crawford v. Carroll, 529 F.3d 961, 975-76 (11th Cir. 2008).  Under the McDonnell Douglas framework, a plaintiff has the initial burden to establish a prima facie case of discrimination, which creates a rebuttable presumption that the

---

[1]    McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

3

employer discriminated against the plaintiff. EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002). To establish a prima facie case of racial discrimination on the basis of disparate treatment, the plaintiff must show that: (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly-situated employees more favorably; and (4) he was qualified to do the job. Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). When a plaintiff alleges discriminatory discipline, the quantity and quality of the comparator's misconduct must be nearly identical to the plaintiff's. Id. Throughout the analysis, the ultimate burden of proving that the employer intentionally discriminated against the plaintiff on an unlawful basis remains at all times with the plaintiff. Joe's Stone Crabs, 296 F.3d at 1273.

Under McDonnell Douglas, if a plaintiff makes the requisite showing of a prima facie case, and the employer articulates a legitimate, nondiscriminatory reason for its actions, then the plaintiff must offer evidence that the alleged reason of the employer is a pretext for illegal discrimination. 411 U.S. at 802-04. To establish pretext, the plaintiff must show that: (1) the offered reason was false; and (2) the decision was motivated by some illegal purpose. Springer v. Convergys Customer Mgmt. Group Inc., 509 F.3d 1344, 1349 (11th Cir. 2007). A plaintiff may not "recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer. Provided that the proffered reason

4

is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it . . . ." Chapman v. AI Transp., 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). Furthermore, federal courts do not sit "as a super-personnel department that reexamines an entity's business decisions . . . ." Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991) (internal quotation omitted). It is not the role of the examining court to second guess the wisdom of the reasoning, the court must only determine if the reasons given were merely a cover for a discriminatory intent. Brown v. American Honda Motor Co., 939 F.2d 946, 951 (11th Cir. 1991).

We have cautioned that establishing the elements of the McDonnell Douglas framework "is not, and never was intended to be, the sine qua non for a plaintiff to survive a summary judgment motion in an employment discrimination case," and that a plaintiff may also defeat a summary judgment motion by presenting "a convincing mosaic" of circumstantial evidence that "raises a reasonable inference that the employer discriminated against [him]." Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011). As long as the circumstantial evidence raises a reasonable inference that the employer discriminated against the plaintiff, summary judgment is improper. Id.

Here, even if we were to assume that Awaad has made a prima facie case, LMC has offered a legitimate, nondiscriminatory reason for revoking Awaad's

5

medical staff privileges -- that he failed to complete the MEC's requirements. Awaad has not shown that there is a genuine dispute of fact suggesting that this reason was pretextual because, among other things, Awaad has not shown the falsity of the proffered reason. Indeed, Awaad concedes that he did not complete the MEC's requirements that he enroll in the PRN and attend a post-graduate course in fluid and electrolyte management. Further, the reason is one that a reasonable employer might rely upon to revoke a physician's medical staff privileges, and Awaad has not met that reason head on and rebutted it. See Chapman, 229 F.3d at 1030.

Awaad has also failed to present a genuine issue of material fact indicating that there is "a convincing mosaic" of circumstantial evidence raising a reasonable inference that LMC discriminated against him. See Smith, 644 F.3d at 1328. The most probative evidence stems from an incident in which Dr. Larry Feinman reprimanded Awaad for telling a patient's family that a nurse was shortening the dialysis treatment time. According to the record, Feinman instructed Awaad to refrain from making such comments, suggesting that it could make Awaad and LMC vulnerable to a lawsuit, and told him that he was practicing medicine "the Palestinian way." On this record, this one comment from one doctor -- given the myriad decisionmakers involved in Awaad's revocation of privileges who Awaad did not accuse of discriminatory animus, as well as Awaad's failure to link the

6

revocation with any such animus -- is not sufficient to create a genuine dispute of fact about "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker."   Smith, 644 F.3d at 1328 (emphasis added; footnote and international quotation omitted).

In short, Awaad has failed to show that there is a genuine issue of material fact as to whether LMC discriminated against him.  Accordingly, we affirm.

**AFFIRMED.**