[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10078
Non-Argument Calendar

_____

D.C. Docket No. 5:07-cv-02119-CLS

SHIRLEY BROWN,

Plaintiff-Appellant,

versus

JACOBS ENGINEERING, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 17, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Shirley Brown, an African-American female, appeals the district court's order granting summary judgment in favor of her former employer, Jacobs Engineering, Inc. ("Jacobs"), in her race and sex discrimination suit arising under 42 U.S.C. §§ 2000e-2(a) and § 1981. On appeal, Brown argues that the district

court erred in: (1) granting summary judgment on her discrimination claim; and (2) denying her motion to compel discovery. After careful review, we affirm.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is proper only when the evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Id. We review the denial of a motion to compel discovery for abuse of discretion. Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006). A "district court is allowed a range of choice in such matters, and we will not second-guess the district court's actions unless they reflect a clear error of judgment." Id. (quotations omitted).

First, we are unconvinced by Brown's claim that the district court erred in granting summary judgment to the defendants on her discrimination claim. Title VII makes it unlawful for an employer to "discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).[1] A Title VII disparate treatment claim based on circumstantial evidence is analyzed under the framework established in McDonnell Douglas Corp. v. Green,

---

[1] Because § 1981 discrimination claims "have the same requirements of proof and present the same analytical framework" as those brought under Title VII, the disposition of Brown's Title VII argument applies equally to her claims brought under § 1981. See Springer v. Convergys Customer Mgmt. Grp., Inc., 509 F.3d 1344, 1347 n.1 (11th Cir. 2007).

411 U.S. 792 (1973). <u>Wilson v. B/E Aerospace, Inc.</u>, 376 F.3d 1079, 1087 (11th Cir. 2004). To establish a prima facie case of disparate treatment, the plaintiff must show: (1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees outside her class more favorably; and (4) she was qualified to do the job. <u>Maniccia v. Brown</u>, 171 F.3d 1364, 1368 (11th Cir. 1999). Once a prima facie case is established, the employer has the burden to articulate a legitimate, non-discriminatory reason for the employment decision. <u>Wilson</u>, 376 F.3d at 1087. After an employer articulates one or more legitimate, non-discriminatory reasons for the employment action, the plaintiff must show that the proffered reason was a pretext for illegal discrimination. <u>Id</u>. If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot recast the reason, but must "meet that reason head on and rebut it." <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1030 (11th Cir. 2000).

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." <u>Maniccia</u>, 171 F.3d at 1368 (quotations omitted). Thus, we require "the quantity and quality of the comparator's misconduct be nearly

3

identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Id. Even if a plaintiff and comparator are similar in some respects, differences in their overall record may render them not "similarly situated" for purposes of establishing a prima facie case. See, e.g., Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316-19 (11th Cir. 2003) (the employee and comparator who committed the same act were not similarly situated because the comparator's overall record was better).

Here, Brown had not established a prima facie case of discrimination because, as the record reveals, none of the alleged comparators are similarly situated to Brown. Viewing the evidence in the light most favorable to Brown, the record shows that Jacobs's investigations confirmed that Brown had created a "dreadful" work environment, the problems were her management style caused high turnover in her department to the point where she was on her third generation of employees, she communicated poorly with others, she was the subject of at least two meritorious formal complaints, and she failed to follow Jacobs's policies. In short, Jacobs's investigators concluded that the problems in Brown's department were wide-spread and could not be fixed.

In contrast, the white male managers cited by Brown as alleged comparators were not subject to any formal complaints. Moreover, while there may have been

4

some informal complaints about them, their misconduct, if any, did not cause the problems associated with Brown's department. Even if Brown was similar in some respects, such as having a difficult personality or management style, the other managers are still not similarly situated because Brown's overall record was far worse. As a result, Brown has failed to show a genuine issue of material fact as to whether similarly situated employees outside of her protected class engaged in similar conduct and were treated differently.

But even if we were to assume that Brown is able to establish a prima facie case of discrimination, Jacobs has presented legitimate, non-discriminatory reasons for Brown's termination, which she has not rebutted. Among other reasons, Jacobs identified Brown's inability to manage or lead people, high turnover rates and poor performance in HR, and a general reluctance among Jacobs's employees to use HR. Brown provided no evidence to contradict these reasons, and, therefore, has not presented evidence sufficient to create a genuine issue that they were merely pretext for illegal discrimination. Therefore, because Brown failed to establish a prima facie case of discrimination and, moreover, failed to rebut Jacobs's legitimate, non-discriminatory reasons for Brown's termination, the district court did not err in granting summary judgment in favor of Jacobs.

We are also unpersuaded by Brown's claim that the district court abused its

discretion in denying Brown's motion to compel a response to an interrogatory. As we've said, "[w]here a significant amount of discovery has been obtained, and it appears that further discovery would not be helpful in resolving the issues, a request for further discovery is properly denied." Avirgan v. Hull, 932 F.2d 1572, 1580 (11th Cir. 1991).

The record in this case shows that the discovery scheduling order required all discovery be commenced in time so that it would be completed by March 2, 2009. However, Brown waited until 7:50 P.M. on March 2, 2009, to submit her motion to compel, and therefore failed to timely move to compel discovery in a manner that would complete discovery by the required date. Further, Brown's reasons for waiting until the last day of discovery to make this request are unavailing because: (1) she received Jacob's alleged deficient response to interrogatory #10 on December 18, 2008; (2) she received another deficient response in mid-February; and (3) she discovered information about the investigation into the unnamed manager five days before the deadline. Under these circumstances, the district court's denial of the motion to compel does not reflect a clear error in judgment. See Holloman, 443 F.3d at 837.

**AFFIRMED.**

6