[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12453
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00039-EMT

JOY C. BELL,

Plaintiff-Appellant,

versus

U.S. ATTORNEY GENERAL,
Department of Justice Federal Bureau of Prisons Agency,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 14, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Joy C. Bell appeals *pro se* the summary judgment in favor of her employer, the Federal Bureau of Prisons. Bell complained that, in 2007, she was denied a promotion to the position of Facility Manager at a federal prison camp in Pensacola because of her gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(a), and in retaliation for objecting to her performance evaluation in 2001, *id.* § 2000e-3(a). We affirm.

Bell argues that the district court "effectively converted" the motion of the Bureau "from one for dismissal to summary judgment" without giving her notice and a "reasonable opportunity" to respond, but Bell distorts the record. The Bureau moved for dismissal or, in the alternative, summary judgment. Bell, who was represented by counsel, responded accordingly. Bell twice obtained extensions of time to collect and organize discovery to "oppos[e] . . . the . . . Motion to Dismiss or in the alternative for Summary Judgment," and she argued in her response that her evidentiary submissions and the reasonable inferences drawn from her evidence provided substantial direct and circumstantial evidence of discrimination and retaliation to bar summary judgment.

The district court did not err by entering summary judgment against Bell's complaint that she was denied the promotion because of her sex. Barbara Rickard, an associate warden, and Scott Fisher, the warden at the prison camp, testified that Bell lacked the same level of leadership and administrative experience as the man

2

selected for the job, Lewis Bacchieri.  To establish that the proffered legitimate, nondiscriminatory reason was a pretext for discrimination, Bell had to prove that the "disparities between [Bacchieri]'s and her own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen [him] . . . over [her]." *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1206 (11th Cir. 2013) (quoting *Springer v. Convergys Customer Mgmt. Grp.*, 509 F.3d 1344, 1349 (11th Cir. 2007)).  Bell testified that "her experience was superior to [Bacchieri's]" as bolstered by the fact that she allegedly made the Best Qualified list for the position, but this self-serving testimony failed to create a genuine issue of pretext.  *See id.*  Rickard and Fisher testified that they recommended Bacchieri and other applicants over Bell because those applicants had more work experience and supervisory skills, and Raymond Holt, a Regional Director, testified that he hired Bacchieri because he was a General Foreman and an experienced supervisor.  Rickard, Fisher, and Holt testified, without dispute, that they complied with the merit promotion plan of the Bureau to consider "each qualified applicant without regard to . . . sex."

Bell also raises two arguments that she failed to present to the district court. First, Bell argues that she was discriminated against because she is a Native American, but we will not consider for the first time on appeal a claim that Bell did not include in her complaint.  *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1296

3

(11th Cir. 2010). Second, Bell argues that the district court should not have considered "deposition-style statements" and that the Bureau failed to include a statement of undisputed facts, as required under Local Rule 56.1, but Bell did not present these arguments to the district court. *See id.*

The district court also did not err by entering summary judgment against Bell's complaint of retaliation. To establish a prima facie case of retaliation, Bell had to prove that she engaged in a protected activity; she suffered an adverse employment action; and the protected activity was causally related to the adverse employment action. *See Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). Even if we were to assume that Bell's objection to a performance evaluation was a protected activity, she failed to establish a causal relation between that activity and the denial of a promotion in 2007. The objection that Bell voiced in 2001 was too remote to establish causation based on temporal proximity. *See id.* at 1364.

We **AFFIRM** the summary judgment in favor of the Bureau.

4