[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11916
Non-Argument Calendar
_____

D.C. Docket No. 7:11-cv-02354-SLB


ROBERT W. GREEN,

                                                        Plaintiff-Appellant,

versus

NORTHPORT, CITY OF,
SCOTT COLLINS,
City Administrator,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 12, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Green, the former Police Chief of the City of Northport, appeals the summary judgment against his complaints of racial discrimination and retaliation by the City and Scott Collins, the City Administrator, in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e, 1983, 1981. The district court ruled that Green failed to establish that Collins's conduct was motivated by race or sufficiently severe to alter Green's work environment and that Green failed to establish that the legitimate reasons proffered for his five-day suspension were pretexts for discrimination and retaliation. Green argues that the district court erred by considering more than his undisputed statement of the facts on summary judgment and that he produced "overwhelming circumstantial evidence" of discrimination and retaliation. We affirm.

The district court could consider the record as a whole to determine the undisputed facts on summary judgment. Rule 56 provides that parties should cite particular parts of the record to support their respective arguments that a fact cannot or can be genuinely disputed, Fed. R. Civ. P. 56(c)(1), but the rule also recognizes that parties need not always refer to specific record materials, *id.* 56(c)(1)(B) & advisory committee's note to 2010 amendment. And the district court is not strictly bound by the cited materials; the district court "need consider only the cited materials, but it may consider other materials in the record." *Id.* 56(c)(3). Green argues that the City and Collins failed to cite portions of the record

2

that supported their version of events, but "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the district court can "grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it." *Id.* 56(e)(3). As explained by the district court in its written order, it considered "the record[ and] the submissions of the parties" in deciding whether to grant the motion of the City and Collins for summary judgment.

The district court did not err by entering summary judgment against Green's complaint about a hostile work environment. To survive summary judgment, Green had to establish that he was harassed because of his race and that the "harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Green testified that Collins, in an effort to oust Green from office in 2009, harassed him for cursing publicly and for commuting in a BMW vehicle seized by the narcotics division instead of the Crown Victoria vehicle he had been assigned. Green also testified that Collins interfered with Green's authority by changing the striping on patrol cars; retaining purchase orders; sending Green the final opinion in employee psychological reports instead of the complete reports; interviewing an applicant for

3

a bailiff position; and deferring Green's recommended promotions. No reasonable person would have found that Collins's conduct created a work environment so hostile or abusive that it altered the terms and conditions of Green's employment.

Green contended that Collins harbored racial animus as evidenced by a remark he supposedly made to his father-in-law that he was going to "get rid of the black son-of-a-bitch who drives the BMW," but that "inadmissible hearsay [could not] be considered on a motion for summary judgment," *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999). And Green's speculation that race played a role in Collins's actions is insufficient to prove that Green was harassed because of his race. *See Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996).

The district court also did not err by entering summary judgment against Green's complaints of racial discrimination and retaliation. The City submitted emails, memos, testimony from Collins and Assistant Police Chief Sharon Crowder, and the written disciplinary decision that established that Green was suspended for official misconduct. Green threatened to reprimand Crowder for exercising her rights under an anti-harassment policy and Green changed Crowder's job duties in retaliation for her participation in a pre-disciplinary hearing. Green and his secretary testified that Crowder ignored officers' complaints, acted anxious, and was disorganized, but even if Green had legitimate reasons for changing Crowder's duties, Collins could act on his good faith belief

4

that Green had retaliated against Crowder. *See EEOC v. Total Sys. Servs., Inc.*, 221

F.3d 1171, 1176 (11th Cir. 2000). Green alleged that he was asked by the mayor if

he was thought to be a "member of the Ku Klux Klan," but a stray remark of an

official who did not participate in Green's disciplinary process did not create a

genuine factual dispute about the legitimacy of the reasons for his suspension. *See*

*Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1348–49 (11th

Cir. 2007).

Green argues that the close temporal proximity between the filing of his

charge of discrimination and the commencement of his disciplinary proceeding

provides circumstantial evidence that there is a causal connection between his

protected activity and the adverse employment decision, but we disagree. Collins

notified Green that he was being investigated for official misconduct on May 1,

2009, before Green filed his charge of discrimination on May 14, 2009. On May

29, 2009, Collins notified Green that he faced discipline for his actions against

Crowder, and on June 9, 2009, Collins conducted Green's pre-disciplinary hearing.

The temporal proximity between Green's suspension and his protected activity can

be attributed to the fact that he filed his charge on the same day that he issued a

memo describing the changes in Crowder's job duties. Green could not "insulate

[himself] against termination or discipline by preemptively making a

5

discrimination complaint." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1270 (11th Cir. 2010).

We **AFFIRM** the summary judgment in favor of the City and Collins.