[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11638
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-03202-ELR


LEROY WHITE,

Plaintiff-Appellant,

versus

CRYSTAL MOVER SERVICES, INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 4, 2017)

Before HULL, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Leroy White, an African-American former employee of Crystal Mover Services, Inc. ("Crystal"), appeals the district court's grant of summary judgment in favor of Crystal on his claims of employment discrimination and retaliation, filed pursuant to 42 U.S.C. § 1981.  After review, we affirm.

## I.  STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party.  Brooks v. Cty. Comm'n, 446 F.3d 1160, 1161-62 (11th Cir. 2006).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

## II.  LEGITIMATE REASONS OR PRETEXT

The district court did not err in granting summary judgment to Defendant Crystal on Plaintiff White's race discrimination and retaliation claims, which were based on circumstantial evidence.  Even if White made out prima facie cases of discrimination and retaliation, he failed to show pretext under the McDonnell Douglas burden-shifting framework.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see also Springer v. Convergys Customer Mgmt., 509 F.3d 1344, 1347 & n.1 (applying the McDonnell Douglas framework to claims under both

2

Title VII and § 1981 because they "have the same requirements of proof and present the same analytical framework").[1]

Plaintiff White claimed that Defendant Crystal discriminated against him based on his race and retaliated against him for his prior discrimination lawsuit against Crystal after Crystal failed to promote White to an open engineer position in February 2014. On appeal, the parties do not dispute that Defendant Crystal offered several legitimate, nondiscriminatory reasons for not selecting Plaintiff White for the engineer position, namely that he did not have the required supervisory experience, he was not considered a hard worker, he did not show initiative, and he had not interviewed well. Instead, Defendant Crystal's five decision-makers, after interviewing all six candidates, chose Christopher Hite, a white employee, for the position because they believed he was the most qualified candidate. Specifically, Hite had prior supervisory experience at an electrical company, he had obtained an electrical contractor's license, he was considered a hard worker who showed initiative, and he had interviewed well.

As the district court explained, Plaintiff White failed to present evidence from which a jury reasonably could conclude that Defendant Crystal's reasons

---

[1]On appeal, the parties dispute whether White established a prima facie case of retaliation and whether White showed that Crystal's decision not to promote him in February 2014 was causally connected either to White's first EEOC charge of discrimination in May 2011 or to White's December 2013 participation in the discrimination lawsuit of another Crystal employee, Frederick Hopkins. We need not address this issue because even assuming arguendo that White established a prima facie case of retaliation, he failed to show pretext.

were pretextual.  See Chapman v. AI Transport, 229 F.3d 1012, 1024-25 (11th Cir. 2000) (en banc); Combs v. Plantation Patterns, 106 F.3d 1519, 1528-29 (11th Cir. 1997).  For the most part, White either recasts Crystal's reasons or quarrels with their wisdom, which is insufficient to show pretext.  See Chapman, 229 F.3d at 1030 ("A plaintiff is not allowed to recast an employer's proffered nondiscriminatory reasons or substitute his business judgment for that of the employer.  Provided that the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason.").

For example, Plaintiff White argues that having an electrical contractor's license was not a valid requirement for the engineer position and, in any event, was no more impressive than White's online coursework.  First, Defendant Crystal did not require an electrical contractor's license for the engineer position.  Rather, Crystal required a degree or related experience in electrical or mechanical engineering.  Crystal's decision makers found that Hite's class A electrical contractor's license was "related experience" that would be helpful to the technical aspect of the engineer position, and thus assigned White a one out of three, the highest score for that qualification.  While White had obtained some certificates through online courses, he did not have a degree or a license in electrical or

mechanical engineering.  Thus, White was given a middle score of two for his education or related experience.  At bottom, White is merely quibbling with Crystal's judgment about how much more valuable Hite's licensing credential was to the position than White's online coursework.

Similarly, Plaintiff White takes issue with Defendant Crystal's judgment that White's experience as a general contractor supervising subcontractors was not equivalent to supervising employees, which was the kind of supervisory experience sought for the engineer position.  White, however, does not dispute that his lead technician position at Crystal did not provide him with supervisory experience and that he had never supervised "W-2 employees" in his past employment.  In other words, rather than meet Crystal's reason head on, White simply quarrels with it.

White also argues that Hite was less qualified than another African American candidate for the position, Edward Austin, because Austin had two college degrees.  White's argument ignores the fact that Defendant Crystal's decision-makers gave both Austin and Hite the highest score—one out of three— for their education or related experience.

In any event, the evidence does not support Plaintiff White's contention that Austin was more qualified than Hite in terms of education and experience.  A comparison of Austin's and Hite's credentials shows that Austin had an associate degree and a bachelor's degree and that Hite had neither.  However, Austin's

5

associate degree was in liberal arts and his bachelor's degree was in business management and marketing, not in electrical or mechanical engineering. Moreover, Hite had more relevant work experience, having worked in the electrical industry for more than 18 years, whereas Austin had worked for many years doing non-relevant work, such as being a police officer and owning and managing a perfume company. Austin did not become an electronics technician until 2000. While there are various differences between the two candidates' education and related experience, the differences are not "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen" Hite over Austin. See Springer, 509 F.3d at 1349 (quotation marks omitted).

Furthermore, Plaintiff White's emphasis on Austin's college degrees also ignores the fact that the candidates' education and related experience was only one of several criteria the decision-makers evaluated to determine which candidate was the most qualified. Austin did not score as highly as Hite on those other qualifications, which included supervisory experience, work history at Defendant Crystal, leadership ability, and performance in the interview. Thus, the mere fact that Austin had college degrees but did not get the position is not evidence of pretext.

### III.  RACIALLY DEROGATORY COMMENTS

Finally, Plaintiff White points to three racially derogatory remarks allegedly made by Defendant Crystal's employees.  Despite any denials, we consider these comments as true for purposes of this appeal.  More importantly, only one of these comments was made by a decision-maker for the open engineer position.  Specifically, Frederick Hopkins, another African American employee of Crystal, testified in a deposition about a conversation he had with Robert Mihalco, one of the five decision-makers.[2]  Hopkins, knowing Mihalco had recently been in the hospital, asked how Mihalco was doing.  Mihalco responded, "You know, I ain't doing to[o] good.  I got that Nigger disease."  Hopkins thought Mihalco's comment was a reference to either diabetes or high blood pressure.  The record does not provide a precise date for this conversation, but according to Hopkins, the exchange with Mihalco occurred around the time, but after, Mihalco had investigated Hopkins's own EEOC charge filed in 2011.  It is undisputed that Mihalco's comment was not made to White or in his presence and that it was unrelated to the decision not to promote White to the engineer position several years later in 2014.

---

[2]On appeal, Plaintiff White argues that the district court abused its discretion by refusing to consider this part of Hopkins's deposition testimony because White failed to attach the relevant transcript pages to his response to Defendant Crystal's summary judgment motion, as required by the Northern District of Georgia's Local Rule 56.1.  Instead, Crystal filed Hopkins's entire deposition transcript in the course of objecting to White's reliance on Hopkins's testimony.  We need not address this issue because we agree with the district court's alternative ruling that even when Hopkins's testimony is considered, White fails to show pretext.

Two other employees who were not decision-makers also allegedly made racially derogatory comments. Hopkins said that in 2010 he once walked in on an "all white" meeting of employees who were complaining about him and overheard one of the employees, Richard Josephus, say, "I'm sick of them niggers." In addition, White testified that in 2011 Alford McCarthy, an African American site manager, said that white workers were better than black workers because they worked harder. However, like Mihalco's 2011 comment, neither McCarthy's 2011 comment nor Josephus's 2010 comment was related to the decision not to promote White to engineer in 2014.

Given that there is no other evidence of pretext, these three isolated racial comments that were not connected to the 2014 promotion decision cannot establish pretext. See Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1227-30 (11th Cir. 2002) (explaining that a racially derogatory comment, even by an employee's direct supervisor, that is unrelated to the adverse employment action may contribute to a circumstantial case for pretext but will not be sufficient on its own to establish pretext).

For these reasons, we affirm the district court's entry of summary judgment in favor of Crystal on White's race discrimination and retaliation claims.

**AFFIRMED.**

8