[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11797

Non-Argument Calendar

_____

GEORGINNA LOCKETT,

Plaintiff-Appellant,

*versus*

CITY OF ATLANTA, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-04406-ELR

_____

Before BRANCH, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Georginna Lockett appeals the district court's order granting summary judgment in favor of the City of Atlanta ("the City") in her action for sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, and retaliation under Title VII, 42 U.S.C. § 2000e-3, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615. Lockett argues that there is substantial evidence supporting her claims that each of the City's reasons for demoting and twice failing to promote her are pretextual, rendering it reasonable that a jury could conclude that the City discriminated against her based on her sex and retaliated against her for engaging in protected activity under Title VII and the FMLA. Having read the parties' briefs and reviewed the record, we affirm the district court's summary judgment order.

**I.**

We review a district court's grant of summary judgment *de novo*, "viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). "We will affirm the grant of summary judgment only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Id.*; Fed. R. Civ. P. 56(a). A fact is material when it might affect the outcome under the relevant law. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1259 (11th Cir. 2004).

"An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. "[U]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Anthony v. Georgia*, 69 F.4th 796, 804 (11th Cir. 2023) (quotation marks omitted).

## II.

Lockett filed a complaint against the City, her former employer, alleging sex discrimination and retaliation in violation of Title VII and retaliation in violation of the FMLA. After being promoted to the position of Watershed Manager II, Lockett was offered a promotion to Watershed Director, but she declined the position. The City promoted Quinton Fletcher to the position, and two years later, Fletcher was promoted to the position of Deputy Commissioner of Office of Water Treatment and Reclamation ("OWTR"). Lockett was promoted to the position of Interim Watershed Director, and while in that position, she received a written warning from Fletcher reprimanding her for her conduct. Lockett scheduled a meeting with Kishia Powell, the Commissioner of the Watershed Department ("the Department") to discuss the warning. Lockett alleged numerous discriminatory actions by Fletcher against her and other women within the department, and during the meeting, Powell rescinded the warning.

Lockett took FMLA leave, and during this time, an emergency at the plant occurred. The plant manager informed Lockett that the plant was out of fluoride chemical treatment due to a miscommunication about the purchase order. Lockett left a doctor's

appointment to retrieve the purchase order and deliver it to Powell for her signature, so the plant would have the treatment. Fletcher ordered an investigation into the fluoride shortage incident, and shortly thereafter, Lockett filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The City requested an investigation into the fluoride shortage incident, and the report concluded in part that Fletcher had been aware of the shortage several days before Lockett was notified.

A few months later, Powell demoted Lockett from her position as Interim Watershed Director and cut her pay as a result of the fluoride shortage incident. The next month, Lockett interviewed for a position as a director in the Department of Office of Linear Infrastructure Operations ("OLIO") but was not hired. In September of the same year, Lockett interviewed for the permanent Department director position that she had performed on an interim basis. She was not hired; instead, Babatunde Kuku, Lockett's former subordinate, was hired. Kuku did not initially apply for the position and did not qualify for the position based on the initial posting before the deadline. Fletcher informed Kuku that the application period had been reopened and the qualifications had changed. The panel, consisting of Fletcher and a human resources department member, interviewed three candidates for the position, and Kuku received the highest score of all applicants. Later that month, Lockett alleges she was constructively discharged.

Lockett alleged three counts in her complaint.  First, she alleged that the City discriminated against her because of her sex by subjecting her to different terms and conditions of employment than her male coworkers, demoting her from the Interim Watershed Director position, and twice failing to promote her to a permanent director position because of her gender, in violation of Title VII.  Second, she alleged that the City unlawfully retaliated against her based on the same conduct, in violation of Title VII.  Third, she alleged that the City unlawfully retaliated against her by investigating her based on false allegations immediately after requesting FMLA leave in January 2020, demoting her based on the fluoride shortage incident soon after taking FMLA leave in April 2020, and twice failing to promote her, all in retaliation for taking FMLA leave and in violation of the FMLA.

Following discovery, the City filed a motion for summary judgment.  A magistrate judge issued a report, recommending that the district court grant the City's motion.  The magistrate judge assumed that Lockett could establish a *prima facie* case of gender discrimination, because the City did not argue to the contrary, and found that there was no genuine issue of material fact regarding whether the City's reasons for its actions were pretext.  The magistrate judge also concluded that Lockett failed to challenge the City's legitimate, nondiscriminatory and nonretaliatory reasons for demoting her and failing to promote her.  The magistrate judge further found that Lockett did not demonstrate that she was constructively discharged.  The district court overruled Lockett's

objections to the report, adopted it, and granted the City's motion for summary judgment. Lockett appeals.

## III.

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment" based on, *inter alia*, sex. 42 U.S.C. § 2000e-2(a)(1). Title VII claims of employment discrimination are analyzed according to the evidentiary framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1347 (11th Cir. 2007). The *McDonnell Douglas* framework first requires the plaintiff to show a *prima facie* case of discrimination, which requires: (1) membership in a protected class; (2) adverse employment action; (3) qualification for the job; and (4) "that [the] employer treated 'similarly situated' employees outside [the plaintiff's] class more favorably." *Lewis v. City of Union City*, 918 F.3d 1213, 1220-21 (11th Cir. 2019) (*en banc*). If the plaintiff meets that burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* at 1221. If the defendant carries that burden, then the burden shifts back to the plaintiff to "demonstrate that the defendant's proffered reason was merely a pretext for unlawful discrimination." *Id.*

In evaluating pretext, we must consider all of the evidence and then determine whether the plaintiff has cast doubt on the defendant's proffered nondiscriminatory reasons sufficient to allow a reasonable factfinder to determine that the defendant's proffered

"legitimate reasons were not what actually motivated its conduct." *Silvera v. Orange Cnty. Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001) (quotation marks omitted). "To show pretext, the employee must confront the employer's seemingly legitimate reason . . . head on and rebut it." *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1206 (11th Cir. 2013) (quotation marks omitted). Plaintiffs can demonstrate pretext by showing "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [the defendant's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer*, 509 F.3d at 1348 (quotation marks omitted). "[A] reason is not pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." *Id.* at 1349 (quotation marks and emphasis omitted).

We have held that an employer who fires an employee under a mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct. *Damon v. Fleming Supermkts. of Fla., Inc.*, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999). An employer may make an employment decision "for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Phillips v. Legacy Cabinets*, 87 F.4th 1313, 1325 (11th Cir. 2023) (quotation marks omitted). Further, preselection of an employee for a position before or without a formal hiring process does not necessarily indicate discriminatory intent, regardless of whether preselection violates an employer's policies. *See Springer*, 509 F.3d at 1350.

However, establishing the elements of the *McDonnell Douglas* framework "is not, and never was intended to be, the *sine qua non* for a plaintiff to survive a summary judgment motion in an employment discrimination case," and a plaintiff may also defeat a summary judgment motion by presenting a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (quotation marks and footnote omitted). We have also clarified that *McDonnell Douglas* is an evidentiary framework that shifts the burden of production between the parties to determine the true reason for an adverse employment action but is not a set of elements that the employee must prove to survive summary judgment or prevail at trial. *See Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 941 (11th Cir. 2023), *cert. denied*, ___ U.S. ___, 145 S. Ct. 154 (2024).

"[T]he *McDonnell Douglas* framework and the convincing mosaic approach are two paths to the same destination—the ordinary summary judgment standard." *McCreight v. AuburnBank*, 117 F.4th 1322, 1335 (11th Cir. 2024). The convincing mosaic approach is a metaphor for the summary judgment standard, not a separate framework, and is "a helpful reminder that *McDonnell Douglas* is not the only game in town" for employees who lack comparator evidence but can provide other circumstantial evidence of discriminatory animus. *Id.* "[A] plaintiff need not specifically use the term 'convincing mosaic' in the trial court to contend on appeal that she has offered enough evidence to survive summary judgment." *Id.* at 1336. "So long as a plaintiff argues that she has presented enough

24-11797            Opinion of the Court            9

evidence for a reasonable juror to infer intentional discrimination, she has preserved that issue and put the court on notice of the relevant standard." *Id.* We have described the following as examples of circumstantial evidence that can form a convincing mosaic: (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred; (2) systematically better treatment of similarly situated employees; and (3) pretext. *Lewis v. City of Union City*, 934 F.3d 1169, 1185 (11th Cir. 2019).

Additionally, under Title VII, an employer may not retaliate against an employee because she has opposed any practice made unlawful under that law, or because she has made a charge or participated in a proceeding thereunder. 42 U.S.C. § 2000e-3(a). A plaintiff may prove retaliation with circumstantial evidence according to the *McDonnell Douglas* framework. *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1307-08 (11th Cir. 2023). Under this framework, the plaintiff must first establish a *prima facie* case of retaliation "by proving that she engaged in statutorily protected conduct; she suffered an adverse employment action; and a causal relation exists between the two events." *Id.* at 1307. If the plaintiff does so, then the employer must articulate a legitimate, nonretaliatory reason for the adverse action. *Id.* If the employer does so, then the plaintiff must prove that the employer's proffered reason was pretext for retaliation. *Id.* While close temporal proximity between the protected conduct and the adverse employment action can establish pretext when coupled with other evidence, temporal proximity alone is insufficient. *See Gogel v. Kia Motors Mfg. of Ga.*, 967 F.3d 1121, 1137 n.15 (11th Cir. 2020) (*en banc*).

Finally, under the FMLA, it is unlawful for an employer to retaliate against an employee because they engaged in activity protected by the FMLA. *Strickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1206 (11th Cir. 2001) (citing 29 U.S.C. § 2615(a)(1)-(2)). FMLA retaliation claims "can be supported with either direct or circumstantial evidence." *Lapham v. Walgreen Co.*, 88 F.4th 879, 889 (11th Cir. 2023). FMLA retaliation claims relying on circumstantial evidence are analyzed according to the *McDonnell Douglas* framework. *Id.*

## IV.

The record here demonstrates that the district court did not err in granting summary judgment to the City on Lockett's claims of sex discrimination and retaliation. Viewing all evidence and drawing all reasonable inferences in Lockett's favor, the district court found that no evidence supported a reasonable inference that the City's explanations for demoting and twice failing to promote Lockett were pretext for discrimination or retaliation. Moreover, there is no genuine issue as to any material fact. Additionally, independent from the *McDonnell Douglas* framework, no circumstantial evidence supports a reasonable inference of discrimination or retaliation.

The City offers three legitimate, nondiscriminatory reasons for Powell's decision to demote Lockett from the interim Watershed Director position: (1) Lockett was insubordinate; (2) Lockett lacked accountability and professionalism; and (3) Lockett had persistent communication deficiencies. Despite a fluoride shortage

incident, the City presents competent evidence that Lockett's conduct was an ongoing concern, that she fails to rebut. There is no evidence that Powell had any similar concerns about Fletcher, nor did Fletcher commit any of the conduct leading to these concerns, regardless of whether his misconduct led to the fluoride incident, so the different treatment of Fletcher and Lockett does not cast doubt on the City's explanation or support a reasonable inference that discrimination or retaliation was the real reason. *See Lewis*, 934 F.3d at 1185; *Springer*, 509 F.3d at 1349. Additionally, even if Fletcher was at fault for the fluoride incident and Lockett bore no responsibility, Powell's erroneous belief to the contrary is not proof of discrimination.

The City also provided nondiscriminatory reasons for Lockett's non-selection as the permanent Watershed Director. Lockett contends that Fletcher had the job posting reopened to assure that his candidate would be selected; however, she provides no evidence that Fletcher was motivated because of Lockett's sex or protected activity. The record does not contain evidence that Fletcher wanted to hire Kuku instead of Lockett because Kuku was a man. The only evidence Lockett presented of Fletcher's discrimination against her was conclusory in nature. Unsubstantiated assertions of discriminatory intent are not sufficient to create a genuine issue of material fact. Thus, Lockett fails to establish that a reasonable jury could conclude that the City's reason for not hiring her to the permanent OWTR director position was pretext or otherwise evidence of discrimination or retaliation. *See Anthony*, 69 F.4th at 804.

Moreover, the City demonstrates that Lockett was not hired to the OLIO director position because Browning wanted to see candidates with more linear experience apply and fill the position. Lockett fails to show a genuine issue of material fact as to this argument. She contends that she had some linear operational experience but that does not question Browning's desire to have candidates with more linear experience apply. Lockett cannot show pretext nor does she present evidence to support a reasonable inference that the City did not select her because of her sex, her EEOC charge, or her FMLA leave. *Springer*, 509 F.3d at 1348. Because Lockett fails to demonstrate that each of the City's legitimate, nondiscriminatory, and nonretaliatory reasons for the actions against her were pretext, and because the record does not contain a convincing mosaic of circumstantial evidence supporting a reasonable inference of sex discrimination, Title VII relation, or FMLA retaliation, we conclude that the district court properly granted the City's motion for summary judgment.

Accordingly, based on the aforementioned reasons, we affirm the district court's order granting summary judgment to the City on Lockett's claims of sex discrimination and retaliation.

**AFFIRMED.**